MURPHY, Appellant, *v.* NETT, Respondent.

(No. 3,523.)

(Submitted May 17, 1915. Decided June 3, 1915.)

[149 Pac. 713.]

*Executors and Administrators—Control of Property—Banks and Banking—Deposits for Exchange—Agency.*

Executors and Administrators—Control of Estate.
1. The administration of an estate is an entirety, and extends to the whole of the estate so far as its assets are within the jurisdiction of the court where the appointment is made, and the administrator, or special administrator until displaced, has exclusive control over the estate.

Banks and Banking—Deposit for Exchange—Relation of Parties.
2. By accepting a deposit made for the purpose of exchange, a bank becomes the debtor of the depositor.

Same—Payment by Bank—Indemnity.

    3.  Defendant, special administratrix of an estate, had a deposit as such in a bank, and W. claiming to have been appointed special administrator made demand for payment to him of the sum deposited. The bank notified defendant of this demand, and she requested it to refuse the demand and retain the deposit in her name until it could be ascertained who was entitled to it.  Defendant was subsequently removed from her office, and, after her removal, W. recovered judgment against the bank for the amount of the deposit, with interest from the date of his demand.  *Held*, that defendant was not liable to reimburse the bank for the amount so paid as interest, it having been the bank's duty without request to retain the deposit to meet its obligation to her.

Same—Principal and Agent—Liability for Expense.

    4.  The claim that defendant was liable to the bank because it acted as her agent, as for expenses incurred in her behalf, *held* without merit, inasmuch as her request to refuse the demand of W. did not change its relation to her from that of debtor to that of agent.

*Appeal from District Court, Lewis and Clark County; J. Miller Smith, Judge.*

ACTION by Homer G. Murphy, as assignee, against Anna E. Nett.  Judgment for defendant and plaintiff appeals.  Affirmed.

*Messrs. H. G. & S. H. McIntire,* for Appellant, submitted a brief; *Mr. H. G. McIntire* argued the cause orally.

Defendant requested the bank not to turn over the money to Weisner, and the bank in good faith, relying upon her implied promise to indemnify and save it harmless from all damage by reason of its compliance with her request, refused to comply with Weisner's demand.  This constituted a good consideration for the implied promise, that is, a benefit conferred on Mrs. Nett and a prejudice suffered by the bank.  (*Schaeffer* v. *Miller,* 41 Mont. 417, 137 Am. St. Rep. 746, 109 Pac. 970.)  Inasmuch as in the present instance the agreement of the parties, defendant and the bank, is not stated in words, but is manifested by their conduct, an implied contract is present.  What the respective obligations of the parties are in such a contract is clear, as the authorities abundantly determine.  "Implied contracts are such as reason and justice dictate, and which the law, therefore, presumes that every man undertakes to perform."  (*Wickhan* v. *Weil,* 17 N. Y. Supp. 518; *Appeal of*

*Miller,* 100 Pa. 568, 570, 45 Am. Rep. 394; *Brush Electric Light & P. Co.* v. *City Council,* 114 Ala. 433, 21 South. 960; *Gutta Percha & Rubber Mfg. Co.* v. *Mayor of City of Houston,* 108 N. Y. 276, 2 Am. St. Rep. 412, 15 N. E. 402, 403.) ''An implied contract is a matter of inference or deduction. It creates an obligation akin to duty, and differs from an express contract, which is one whose terms are stated in parol or in writing.'' (*Pence* v. *Beckman,* 11 Ind. App. 263, 54 Am. St. Rep. 505, 39 N. E. 169, 170; *Jennings* v. *Bank of California,* 79 Cal. 323, 12 Am. St. Rep. 145, 5 L. R. A. 323, 21 Pac. 852, 853.) From the above authorities it is clear that a presumption is presented and an obligation is found that the defendant would reimburse the bank for any loss it might sustain by reason of its compliance with her request; this is what is sought to be recovered herein, because of her breach of this implied promise.

From another standpoint a clear case on the facts is presented. Defendant requested the bank to retain the money; thereby she constituted it her agent for that purpose, which, however, was prevented by a *vis major,* and under the law she is in duty bound to reimburse the agent for any and all loss sustained in the legal discharge of his duty as agent. (Rev. Codes, sec. 5442; 1 Lawson's Rights and Remedies, secs. 95, 97; *Howe* v. *Buffalo etc. R. Co.,* 37 N. Y. 297.)

When a person is responsible over to another, either by operation of law or by express contract, and notice has been given him of the pendency of the suit, and he has been requested to take upon himself the defense of it, he is no longer regarded as a stranger to the judgment that may be recovered, because he has the right to appear and defend the action equally as if he were a party to the record. When notice is thus given, the judgment, if obtained without fraud or collusion, will be conclusive against him whether he appeared or not. (2 Black on Judgments, sec. 574; see, also, secs. 549, 569, 572, 573.) A person having notice, as here, of an action in which he is interested, and having an opportunity to defend it, is bound by

the judgment in it. (*Andrews* v. *Davison*, 17 N. H. 413, 43 Am. Dec. 606; *Knickerbocker* v. *Wilcox*, 83 Mich. 200, 21 Am. St. Rep. 595, 47 N. W. 123; *Harvie* v. *Turner*, 46 Mo. 444; *Bever* v. *North*, 107 Ind. 544, 8 N. E. 576; *Lawrence* v. *Stearns*, 79 Fed. 878; *Sutherland* v. *People's Bank*, 111 Va. 515, 69 S. E. 341; *First Nat. Bank* v. *City National Bank*, 182 Mass. 130, 94 Am. St. Rep. 637, 65 N. E. 24.)

*Mr. S. A. Balliet,* for Respondent, submitted a brief; *Mr. Wellington D. Rankin,* of Counsel, argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was brought by the plaintiff, as assignee for value of a claim for the sum of $787.08 alleged to have become due to the National Bank of Montana, located and doing business at Helena, under the circumstances set out in the amended complaint, as follows: That defendant Anna E. Nett was the duly appointed, qualified and acting special administratrix of the estate of Edward J. Murphy, deceased; that on February 5, 1912, she had on general deposit in the bank to her credit as administratrix, subject to check, the sum of $8,369.75; that on that day one Raymond A. Weisner, claiming to have been appointed special administrator upon the estate of the deceased, made demand upon the bank that it pay over to him the sum so deposited; that the bank notified the defendant of the demand by Weisner; that defendant, objecting to the payment by the bank to Weisner for the reason that she had not been removed from her office, requested the bank to refuse the demand and to retain the deposit in her name until it could be ascertained who was entitled to it; that relying upon the request of defendant and the promise implied by it that defendant would indemnify it against all loss by reason of its retention of the deposit, the bank refused the demand of Weisner; that on February 7 Weisner brought an action against the bank to recover the amount of the deposit, with interest from the date

of demand; that the bank notified the defendant of the bring-ing of the action and requested her to make defense; that she failed to comply with this request; that the bank made its own defense; that on March 4, 1912, the defendant was removed from her office; that such proceedings were thereafter had in the action that on March 7, 1913, Weisner was awarded judg-ment against the bank for the amount of the deposit, with in-terest at the legal rate from the date of his demand; that the interest which had accrued upon the deposit in the meantime was $787.08; that the bank, having paid the judgment, made demand upon the defendant for reimbursement to the amount so paid as interest, and that the demand was refused. The court having sustained defendant's general demurrer and plain-tiff declining to plead further, judgment was rendered for de-fendant. Plaintiff has appealed.

The question submitted is whether the ruling on the demur-rer was correct. It will be observed that the theory upon which it is sought to fix liability upon the defendant is that, having requested the bank to retain the deposit until title to it could be determined, she thereby impliedly promised to indem-nify it against any loss it might suffer by its compliance with her request.

Neither at the time Weisner made demand upon the bank nor at the time he brought his action was he entitled to the office of special administrator. Although it be conceded that upon the removal of the defendant on March 4, 1912, he be-came her successor and the deposit became subject to his order, at no time prior to that date was he other than a stranger to both the bank and the estate. According to the allegations of the complaint, which, for present purposes, must be accepted as true, the defendant was special administratrix. There can-not be two administrators upon an estate at the same time.

The administration is an entirety, and extends to the whole [1] of the estate so far as its assets are within the jurisdic-tion where the appointment is made (Rev. Codes, sec. 7502; 1 Woerner's American Law of Administration, sec. 179), and the

administrator has the exclusive right of control, subject to the orders of the district court for the purpose of administration. (*In re Higgins' Estate,* 15 Mont. 474, 28 L. R. A. 116, 39 Pac. 506.) This is not less true of a special administrator. Although his powers are limited in extent, he has exclusive control over the estate for the time being, and until he is displaced by the appointment and qualification of the executor or general administrator. (Rev. Codes, sec. 7474.) But it is not important to inquire now what the status of Weisner subsequently became, nor whether the judgment in his favor was proper. We are now only concerned with the relations existing between the bank and the defendant at the time he undertook to assert his claim.

The deposit was for the purpose of exchange (Rev. Codes, [2] sec. 5138), and by accepting it the bank became the mere debtor of the defendant (sec. 5187; *Stadler* v. *First Nat Bank,* 22 Mont. 190, 74 Am. St. Rep. 582, 56 Pac. 111). The relation thus assumed was not made different by the fact that the [3] defendant was administratrix. She stood upon the same footing as any other creditor (5 Cyc. 514), and upon demand the bank was at its peril bound to pay the deposit to her. It could not question her right to it. (5 Cyc. 517.) Now, what change was wrought by the fact that Weisner made an adverse claim to the deposit and that she, upon notice, requested the bank to retain it in her name? Did her request, followed by notice of Weisner's action, imply a promise on her part to indemnify the bank against any loss it might suffer by obeying her request? If so, what was the consideration for the promise? A contract, whether express or implied must be supported by a good consideration. A good consideration is "any benefit conferred or agreed to be conferred upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor. * * * " "An implied contract is one the existence and

terms of which are manifested by conduct." (Sec. 5014.) Since the terms of such a contract are to be gathered from the conduct of the parties, their conduct must imply the promise of a valid consideration for the doing of something which one was not already bound to do, or the abstaining from doing something which it was his right to do. Weisner had not made the deposit. He was not the creditor of the bank and could not become its creditor as administrator until the defendant had been removed. At the time he made demand his claim was wholly without foundation. Defendant was the creditor. It was therefore the bank's duty, without her request, to retain the deposit to meet its obligation to her. It was also its duty to notify defendant of Weisner's claim (Rev. Codes, sec. 5142); but the performance of this duty did not cast upon her the obligation to determine which of the two was its creditor; for though it be assumed that when defendant was removed from office, the deposit became *ipso facto* subject to the order of Weisner, it was incumbent upon the bank to ascertain the fact of his appointment, in order that it might safely accept him as its creditor. The defendant was not bound to defend the action. The other alternative of the bank was to bring its own action to compel Weisner and the defendant to interplead, and by paying the amount of the deposit into court, relieve itself from liability to either of them. It is not alleged, nor is it suggested by anything in the complaint, that the bank failed to resort to this course by reason of defendant's request. She was not bound, in any event, to indemnify the bank for doing its duty to her in the first instance, nor for its failure to resort to the second alternative. Therefore the bank was not induced to adopt the course it pursued, by a promise of indemnity implied by the conduct of the defendant. It is not alleged that Weisner accompanied his demand upon the bank by the exhibition to it of an order showing his appointment, nor that the defendant knew that he had been appointed to succeed her. These allegations would have presented a different case. Nor was defendant liable to the bank upon the theory that it was

[4]   her agent, as for expenses incurred in her behalf.   As we have seen, her request to the bank did not change its obligation to determine for itself who was its creditor.   It therefore did not change its relation to her from that of debtor to that of agent.

We think the action of the lower court in sustaining the demurrer was correct.   The judgment is therefore affirmed.

*Affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.

Rehearing denied June 29, 1915.