LASHORN, APPELLANT, v. FIRST STATE BANK OF LIV-
INGSTON ET AL., RESPONDENTS.

(No. 5,807.)

(Submitted January 7, 1926. Decided January 18, 1926.)

[243 Pac. 573.].

*Banks and Banking—Insolvency—Certificates of Deposits—
Trust Funds—What not Preferred Claims.*

Banks and Banking — Insolvency — Certificates of Deposit — General .
Deposits.
1.  Deposits for a specified time for which the bank issues certifi-
cates of deposit constitute general deposits, and upon failure of the
bank the depositor becomes its general creditor.

Same—Deposit of Trust Funds not Special—Preferred Claims.
2.  A deposit of trust funds with the knowledge of the bank that
they are such does.not of itself constitute the deposit a special one,
so as to entitle the depositor to a preferred claim against the bank
on becoming insolvent. (See syllabus in *Pethybridge* v. *First State
Bank, ante,* p. 173.)

[1] Banks and Banking, 7 C. J., sec. 544, p. 750, n. 60.
[2] Banks and Banking, 7 C. J., sec. 306, p. 630, n. 3; sec. 308, p. 633,
n. 15; sec. 544, p. 750, n. 60; sec. 548, p. 752, n. 81 New.

*Appeal from District Court, Park County; H. J. Miller,
Judge.*

ACTION by M. H. Lashorn, as treasurer, *etc.*, against the
First State Bank of Livingston and its receiver, to compel
allowance of his claim against the bank as a preferred one.
From a judgment for defendants, plaintiff appeals. Affirmed.

*Messrs. Gibson & Smith,* for Appellant, submitted a brief;
*Mr. Vard Smith* argued the cause orally.

1. What is special, as distinguished from general, deposit, see notes
in Ann. Cas. 1913E, 45; Ann. Cas. 1918B, 390.
2. See 3 R. C. L. 518.

*Messrs. Miller & O'Connor,* for Respondent, submitted a brief; *Mr. M. J. O'Connor* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

M. H. Lashorn, as treasurer of the Co-ordinate Bodies of the Ancient and Accepted Scottish Rite of Freemasonry, of Livingston, Orient of Montana, sought to compel the allowance of his claim for the amount the lodge had on deposit at the time the defendant bank became insolvent, as a preferred claim. Issue was joined, and a trial thereon had, resulting in a judgment in favor of the defendants, from which judgment plaintiff has appealed.

The facts adduced on the trial are identical with those in the the case of W. H. Pethybridge, as guardian, against these defendants (*ante,* p. 173, 243 Pac. 569), except as to the capacity of plaintiff, and that the original deposits were on time, and for which certificates of deposit were issued, and that in this case there is no intimation that plaintiff did not have authority from the lodge for all that he did, or that any one of his acts was in violation of rule or regulation of the lodge or of any law of the state of Montana.

It affirmatively appears from the record that, at the time the deposits were made, there was no agreement or understanding between plaintiff and the bank that the deposits should constitute special deposits.

1. Deposits of funds for a specified time, and for which [1] certificates of deposit are issued, constitute general deposits, and, "the bank becoming insolvent, the depositor must be remitted to the position of a general creditor." (2 Michie on Banks & Banking, sec. 152.)

2. Counsel for plaintiff contends that, as the funds deposited by plaintiff were trust funds in his hands, their [2] deposit in a bank having notice of this fact constituted a special deposit, and whether the deposit was rightfully or

wrongfully made, the funds may be followed into the hands of the defendant receiver. As pointed out in the *Pethybridge Case* above, this contention is untenable, and, on the authority of that case, the judgment herein must be affirmed.

Judgment affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.