## Smith, Banking Commissioner, et al. v. Arnold, Master Commissioner, et al.

(Decided June 3, 1915.)

### Appeal from Hopkins Circuit Court.

Banks and Banking—Insolvency and Dissolution—Priority in Payment of Depositors.—A master commissioner and receiver of a circuit court, who in obedience to Section 412, Kentucky Statutes, deposits the funds held by him as such officer, in a bank designated as a place for the deposit of such money, by an order of court as authorized by Section 411, Kentucky Statutes, is not entitled to priority in the distribution of the bank's assets when it goes into liquidation because of insolvency.

LAFFOON & WADDILL for appellant.

J. A. JOHNSON and GORDON & GORDON & COX for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Reversing.

Pursuant to the authorization conferred by Section 411, Kentucky Statutes, the Hopkins Circuit Court, by an order duly entered on February 29, 1908, designated the Madisonville Savings Bank as a place of deposit for money paid into court; and thereupon the bank executed a bond to secure such deposits, as required by the statute mentioned.

Thereafter, in obedience to Section 412, Kentucky Statutes, appellee, the receiver of the Hopkins Circuit Court, or master commissioner acting as such, deposited in the Madisonville Savings Bank the funds in his hands as such commissioner or receiver.

On December 2, 1913, the bank·was placed in the hands of appellant, State Banking Commissioner, for liquidation. Appellee had on deposit therein to his credit as master commissioner or receiver of the Hopkins Circuit Court the sum of $4,105.41 in his checking account, and $1,012.60 evidenced by three certificates of deposit. The bank had on hand in cash at the time it went into liquidation more than the aggregate of the deposits of· the master commissioner; and conceiving that the same constituted a trust fund, he made demand , upon the Banking Commissioner for the payment to him in full of such amount, although the bank was insolvent and unable to satisfy its depositors.

This demand being refused, the Master Commissioner instituted this action in the Hopkins Circuit Court to review the ruling of the State Banking Commissioner, as provided by sub-section 17 of section 165a, Kentucky Statutes. A judgment having been rendered directing the defendant Banking Commissioner to pay to the plaintiff the full amount of the deposits made by him, defendant appeals.

It is the contention of the appellee that he is entitled to preference in the distribution of the assets of the insolvent bank, for the reason and upon the ground that the funds deposited by him therein, obedient to the statute, although commingled with the other funds of the bank, were trust funds; and, being such, they stand on a different footing from the deposits made by other creditors of the bank.· This theory seems to have found some approval in some few other jurisdictions, but it has never been sanctioned by this court.

In McAfee v. Bland, 11 R., 1, 11 S. W., 439, a trustee sought priority of payment out of the assets of an insolvent bank in which he had deposited trust funds. The court said:

"The trustee had a right, and it was entirely proper, in order that the fund should be more secure, to deposit it in a bank. · No order of court had been made as to any special place or manner of deposit. * * * Conceding an act of insolvency upon the part of the (banking) firm sufficient to bring it within the operation of the statute, yet we fail to see how either by its letter or spirit the trust fund held by J. H. Bland would be entitled· to priority as against the assets of the bank, over other creditors. It is a liability exactly similar to that

of its other patrons. The fact that it was a trust fund in the hands of the trustee does not matter, inasmuch as it had a right to make the deposit, and the bank had an equal right to use it in the ordinary way in its business. The fund stood on the same footing as any other general deposit.'' See also New Farmers Bank's Trustee v. Cockrell, Receiver, 106 Ky., 578, holding that where a trustee, pursuant to the terms of the trust, deposits the trust fund in a bank, he becomes a mere creditor of the bank, and is not entitled to preference in the distribution of the bank's assets when it becomes insolvent and goes into liquidation.

In the instant case, the statute not only authorizes but requires the master commissioner and receiver of the court to deposit the funds held by him as such in the bank designated by order of the court; and a bond is provided for the purpose of securing such deposits. The law and a sound public policy will not favor preferences in the liquidation of an insolvent bank; and in the absence of statutory provisions to the contrary, we see no reason why the funds deposited in the designated depository by the master commissioner and receiver, in obedience to the statute, should stand on any higher ground than the funds of the other depositors. It was to protect the funds so deposited that the bond was required of the bank; and we will not countenance an effort to relieve this bond by an attempt to obtain a priority in the disbursements of the bank's assets, to the prejudice of the other depositors.

The judgment is reversed.