## GRAY v. ELLIOTT*

(No. 1329; May 3, 1927; 255 P. 593.)

APPEAL AND ERROR — BANKS AND BANKING — INSOLVENT BANK — TRUST FUNDS—PREFERRED CLAIM—SPECIAL DEPOSIT—NOTE LEFT FOR COLLECTION.

1. Court's conclusion, supported by substantial evidence, that proceeds of note and mortgage, delivered to bank by administrator for collection, constituted general deposit, not a special deposit to be paid to decedent's widow and sole devisee as claimed by administrator, must be accepted by Supreme Court, unless facts directly show contrary.

2. That bank was chargeable with knowledge that note, delivered to it by administrator for collection, belonged to him as administrator, did not make it a trustee of proceeds, so as to entitle him to preference on bank's insolvency.

3. Special deposits are those where bank becomes trustee for depositor by special agreement or under circumstances sufficient to create a trust, while general deposits are those where a bank merely becomes debtor of depositor.

4. As respects priority, mere fact that depositor makes deposit in fiduciary, rather than individual, capacity, does not make deposit a special one; question being, not what relation he or his fund bears to some third party, but whether trust relation was created between bank and depositor.

5. As respects priority to make deposit a special one, bank must be made agent rather than debtor, and its agency or trusteeship cannot be created by mere external relationship of debtor, unless law forbids bank from becoming debtor in such case.

6. Proceeds of note and mortgage, delivered to bank by administrator for collection, with understanding that proceeds should be credited to his individual account, on which he drew individual checks, including one to widow of decedent for amount of mortgage loan, *held* not entitled to preference as special deposit on bank's insolvency.

*See Headnotes: (1-3) 4 CJ p. 878 n. 82; p. 880 n. 98; 7 CJ p. 628 n. 91; p. 630 n. 95, 1, 3; p. 641 n. 1; p. 642 n. 2; p. 751 n. 78. (4-6) 7 CJ p. 633 n. 15; p. 750 n. 60, 61 New; p. 752 n. 84.

APPEAL from District Court, Platte County; WILLIAM A. RINER, Judge.

Claim filed by Paul L. Gray, as administrator with the will annexed of the estate of Irad Wilson Gray, deceased, with Joseph A. Elliott, receiver of the Platte County State Bank. From a judgment denying a preference, claimant appealed after which Rachel E. Gray was substituted as appellant.

*W. C. Mentzer*, for appellant.

The proceeds of the note and mortgage were a special deposit; Duncan v. Jaudon, (U. S.) 21 L. Ed. 142. The bank had knowledge of the fiduciary character of appellant, and that the funds belonged to an estate; Bank v. Ins. Co., 104 U. S. 54; Smith v. Ayer, 101 U. S. 320; Mfg. Co. v. Whitehurst, 72 Fed. 496; U. S. v. Dunn, 45 Sup. Ct. Rep. 451; Santa Marina Co. v. Bank, 242 Fed. 142; Smith v. Fuller, 86 O. S. 57. The bank had knowledge that appellant had no authority to deposit the fund to his own credit; Board v. Strawn, 157 Fed. 49; Turner v. Hoyle, (Mo.) 8 S. W. 157; Duckett v. Bank, (Md.) 38 A. 983; Allen v. Trust Co., (Mass.) 97 N. E. 916; Fidelity Co. v. Trust Co. (N. Y.) 123 N. E. 370; Ward v. Trust Co.,

192 N. Y. 61; Hale v. Bank, (Vt.) 98 A. 993; Bixchoff v. Bank, (N. Y.) 112 N. E. 759; Mining Co. v. Stark, 106 Fed. 558; Smith v. Burgess, 133 Mass. 511. Authorities might be multiplied; Wilson Company v. Smith, 11 L. Ed. 820. Plaintiff testified that he informed the bank that the note belonged to the estate; it was therefore a special deposit; Foster v. Rincker, 4 Wyo. 484; Lusk Company v. Giinther, (Wyo.) 232 P. 518; Mfg. Co. v. Auld, (S. D.) 86 N. W. 21; State v. Bank, (Nebr.) 85 N. W. 43; Board v. District, 86 Fed. 375, and cases cited. The rule is discussed in Daughtry v. Bank, (N. M.) 134 P. 220.

*J. E. Jacobson, W. B. Jones,* and *O. O. Natwick,* for respondent.

Appellant directed the funds to be deposited to his personal credit; the bank deducted $150 therefrom to pay a personal debt of appellant to the bank; it was not a special deposit; 7 C. J. 633; 3 R. C. L. 555; Tardy's Smith on Receivers, 2nd Ed., Vol. 2, Sec. 461; Guaranty Co. v. Bank, (Cal.) 123 P. 353. Most of the courts have rejected the rule in Smith v. Fuller, 86 O. S. 57; Ann. Cas. 1913 D. 387, 391 and note; Morse on Banks and Banking, pp. 589, 590. The three leading cases to the contrary are: Surety Co. v. Marlow, (Okla.) 190 P. 676; Mott Iron Works v. Bank, (Wash.) 139 P. 36; Bank v. Claxton, (Tex.) 65 L. R. A. 825. The bank did not become privy to a misappropriation by paying checks drawn upon appellant's account; Bixchoff v. Yorkville Bank, (N. Y.) 112 N. E. 759; Holden v. Bank, L. R. A. 1915 E, 310; Valentine v. Duke, (Wash.) 222 P. 495; U. S. F. & G. Co. v. Adoue, 37 L. R. A. (N. S.) 417. The rule in Foster v. Rincker and Lusk Co. v. Giinther, does not apply to the case at bar; 3 R. C. L. 261; 7 C. J. 634. The bank was without actual notice that the proceeds belonged to an estate; there was sufficient evidence to sustain the judgment; Land Co. v. Beckstead, 27 Wyo. 177; Bessinger and Co. v. Weiss, 27 Wyo. 262; Hunt v. City, 26

Wyo. 160; 13 A. L. R. 327; 3 R. C. L. 553; Shotwell v. Bank, 34 S. D. 109; 147 N. W. 288. The evidence showed that Rachel E. Gray had acquiesced and accepted a check from Paul L. Gray, drawn upon his personal account, and she is now estopped from asserting a preference; 10 R. C. L. 694.

BLUME, Chief Justice.

Paul L. Gray, as Administrator with the will annexed of the Estate of Irad Wilson Gray, filed a claim with the receiver of the Platte County State Bank, an insolvent bank, in the sum of $1572.30, asking to be made a preferred creditor. The court allowed the claim as a general claim, but denied the preference, and from this judgment the administrator appealed. Rachel E. Gray has, by agreement of parties, been substituted as appellant herein. A few days prior to February 13, 1923, Paul L. Gray delivered to the bank aforesaid, for collection, a note and mortgage owned by him as administrator, and made by one Nordstrom and wife. The note and mortgage was collected by said bank on February 13, 1923. On February 16, 1923, the bank became insolvent and went into the hands of a receiver. The administrator claims that the note and mortgage aforesaid was delivered to said bank upon condition to collect the same and pay the proceeds over to Rachel E. Gray, the widow of Irad Wilson Gray, and sole legatee and devisee under the last will and testament of said deceased. There is testimony in the record to sustain that claim. Two witnesses for respondent, on the other hand, positively testified that the note and mortgage aforesaid was in fact delivered to the bank with the understanding that the proceeds thereof should be credited to the account of Paul L. Gray, as a general depositor, after deducting therefrom a small amount which had been loaned to him by the bank. The administrator aforesaid never carried an account in said bank as such, but he had an individual

account therein during the year 1922. On January 2, 1923, he checked out the balance of $61.88, and the account was left without any funds between that date and February 13, 1923, when the proceeds of the loan aforesaid were credited to him. Various loans had been collected by the bank for him prior to February 13, 1923. The proceeds thereof had been checked out, most of it having been paid upon his individual check to Rachel E. Gray. Sometime after the bank failed, Rachel E. Gray presented to the receiver a check made by Paul L. Gray individually, covering the amount of the Nordstrom loan, but payment of the check was refused by the receiver.

The finding of the trial court, implied in its general finding, that the note was not delivered to the bank upon the condition claimed by the administrator, appears to be supported by substantial evidence, and we must accept the court's conclusion that the deposit made in the bank was a general and not a special deposit, unless the facts mentioned directly make it different. We may further assume as true, for the purposes of this case, that the bank was chargeable with knowledge of the fact that the Nordstrom note belonged to Gray as administrator and not in his individual capacity, and the case may be treated, under the facts shown, as if the deposit had been made in the name of Paul L. Gray, as administrator. Paul v. Draper, 158 Mo. 197, 59 S. W. 77, 81 Am. St. Rep. 296. It seems to be the theory and claim of counsel for appellant that in such a situation the bank became a trustee of the funds and that the right of preference exists. But we do not think so. Counsel for appellant seems to have overlooked the fact in his brief, judging from the character of most of the cases cited by him, that to have a claim against a bank is one thing, and to have a preferred claim is another. There are but two kinds of deposits, special and general—those where the bank becomes a trustee for a depositor by special agreement or under circumstances sufficient to create a trust, and gen-

eral deposits where the bank merely becomes the debtor
of the depositor. In the case of City of Sturgis v. Mead
County, 38 S. Dak. 317, 161 N. W. 327, the court said:

"As a rule, when money is deposited in a bank, title to
such money passes to the bank. The bank becomes the
debtor of the depositor to the extent of the deposit, and
to that extent the depositor becomes the creditor of the
bank. * * * Such deposit then constitutes a part of
the assets of the bank and in case of insolvency belongs
to the creditors of the bank in proportion of the amount
of their respective claims. Exceptions to this rule are,
first, where money or other thing is deposited with the
understanding that that particular money or thing is to
be returned to the depositor; second, where the money or
thing deposited is to be used for a specific designated
purpose; and third, if the deposit itself was wrongful or
unlawful."

The same language was used in the case of Kies v.
Wilkinson, 101 Wash. 340, 172 Pac. 351, 353. Under the
finding of the court, neither the first or the second ex-
ceptions apply, and no statute and no facts have been
pointed out making it unlawful for the administrator in
this case to deposit the money in the bank. The mere fact
that a depositor makes a deposit in a fiduciary rather than
individual capacity, does not make the deposit a special
one. 3 R. C. L. 518. The question is not what relation
he or his fund bears to some third party, but rather
whether a trust relation has been created between the
bank and the depositor in connection with the fund. In
order to make a deposit a special one, the bank must be
made an agent, rather than a debtor, and its agency or
trusteeship cannot be created by mere external relation-
ship of the debtor, unless, perchance, the law forbids the
bank from becoming a debtor in such case. If the claim
of counsel for appellant were correct, every person who
would make a deposit as agent, thereby charging the bank
with knowledge of the agency, would have the right to

have his deposit treated as special, giving him a preference right in case of the insolvency of the bank. With few exceptions, courts have held against such contention, and have treated a deposit made by an administrator or executor in a manner similar to that found herein by the trial court, as a general and not a special deposit. Pethybridge v. Bank, 75 Mont. 173, 243 Pac. 569, and cases cited; Thompson v. State Bank, 76 Colo. 20, 227 Pac. 827; 37 A. L. R. 115; Officer v. Officer, 120 Iowa 389, 94 N. W. 947, 98 Am. St. Rep. 365; Paul v. Draper, 158 Mo. 197, 59 S. W. 77, 81 Am. St. Rep. 296; Valentine v. Duke, 128 Wash. 128, 222 Pac. 494; Leach v. Beazley, 201 Iowa 337, 207 N. W. 374; Fletcher v. Sharpe, 108 Ind. 276, 9 N. E. 142. The foregoing cases involved deposits made by an administrator or executor, but the same principle has been applied in many other cases where a similar trust relation existed. City of Sturgis v. Bank, supra; Kies v. Wilkinson, supra; In Re Nichols, (D. C.) 166 Fed. 603; Hansen v. Rousch, 139 Iowa 58, 116 N. W. 1061; Brown v. Sheldon State Bank, 139 Iowa 83, 117 N. W. 289; Smith v. Arnold, 165 Ky. 214, 176 S. W. 983; Butcher v. Butler, 134 Mo. App. 61, 114 S. W. 564; Philip v. Bank, 98 Kan. 383, 158 Pac. 23; L. R. A. 1917 A, 680; Incorporated Town of Conway v. Conway, 190 Iowa 563, 180 N. W. 677; Cox v. Bank and Trust Co., 41 Idaho 776, 242 Pac. 785; William R. Compton Co. v. Farmers Trust Co. of Grant City, (Mo. App.) 279 S. W. 746; Rainwater v. Davis, (Ark.) 289 S. W. 471; 3 R. C. L. 518; 7 C. J. 633.

It follows from what we have said that the judgment of the District Court must be affirmed, and it is so ordered.

*Affirmed.*

POTTER, J., and KIMBALL, J., concur.