(No. 19839.)

THE PEOPLE *ex rel.* Oscar Nelson, State Auditor, Defendant in Error, *vs.* THE HOME STATE BANK OF GRANT PARK.—(H. M. GERDES, Plaintiff in Error.)

*Opinion filed February 21, 1930.*

HUNTER & MINOR, for plaintiff in error.

LUTHER B. BRATTON, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The question which this record presents for decision is whether a quasi-municipal corporation, whose funds have been deposited in a bank which has become insolvent, is entitled to priority of payment over the bank's other creditors.

The Home State Bank of Grant Park was closed on January 9, 1928, by the Auditor of Public Accounts. Upon a bill filed in the circuit court of Kankakee county Luther B. Bratton was appointed receiver. H. M. Gerdes filed a petition in the cause setting forth that he was supervisor of the town of Sumner, in the county of Kankakee, and *ex-officio* treasurer of the road and bridge fund of the town and of its hard road fund; that he had deposited in the bank on June 10, 1927, and November 15, 1927, the sum of $10,442.25, which he held as treasurer of the hard road fund, that sum being evidenced by two certificates of deposit providing for the payment of interest thereon at four per cent if left in the bank for three months; that he also deposited as treasurer of the road and bridge fund the sum of $161.46 and as supervisor the sum of $266.92, each of these deposits being made in a checking account; that each of these deposits was made as a trust fund, and on April 14, 1928, he filed a claim for them with the receiver but no part of the funds has been paid to him. The petitioner claimed that he was entitled to a preference in payment over the other depositors in the bank. The petition was

heard and an order was entered denying the claim of the petitioner to a preference, from which he appealed to the Appellate Court for the Second District, which affirmed the judgment. His petition for a writ of *certiorari* to review the record was allowed.

The reasons assigned in the brief of the plaintiff in error why the judgments of the trial and Appellate Courts should be reversed are, that the money in the custody of the treasurer of this involuntary quasi-public corporation belonged to the State, was raised for public purposes and deposited and received as such by the bank; that the pass-books and certificates of deposit issued by the bank show that they were public and official accounts, and the bank kept the respective funds separate and apart from the funds of the petitioner.

It was held in *People* v. *Farmers State Bank,* 335 Ill. 617, that the State has a right to priority of payment over all other general creditors of its debtors, which is derived from the common law of England, by the adoption of which in this State the preference which that law gave to the crown of England became the right of the sovereign power of the State. Although there is not entire harmony among the decisions of the courts of the various States on the question of the existence of this right, the view which we have announced is in accordance with the greater weight of authority, and, in our judgment, with the better reason. Whether the preference extends to the municipalities and quasi-municipalities through whose agency many of the powers of government are exercised is also a question upon which there is not entire harmony even among those States which recognize its existence in favor of the State. No evidence of the existence of such right in any political sub-division or municipality in England has come to our notice, and the reason in which the basis of the right is found is not applicable to such cases. It was a general principle of the common law that "where the king's right and that

of a subject meet at one and the same time the king's shall be preferred." (8 Bacon's Abridgment, 91.) This was the right of the king because he was the sovereign, and the State having succeeded to the sovereignty became entitled to the rights incident to sovereignty. Sovereignty, however, resides only in the State. It is entire and indivisible. Counties, towns and school districts are only agencies of the State through which it exercises certain of its powers, and they have no rights or powers except such as have been expressly granted to them or are necessarily implied from those which have been expressly granted. The right of preference over other creditors of their debtors is not among those granted to such quasi-municipalities or necessarily implied from those which have been granted. It has been held in many cases that the right which a State has to a preference over creditors of a common insolvent debtor does not extend to a county, and the principle applies to towns, highway commissioners and other similar organizations. (*Bignell* v. *Cummins,* 69 Mont. 294; *Glynn County* v. *Brunswick Terminal Co.* 101 Ga. 244; *United States Fidelity and Guaranty Co.* v. *Rainey,* 120 Tenn. 357; *County Court* v. *Mathews,* 99 W. Va. 483; *Ætna Casualty and Surety Co.* v. *Bramwell,* 12 Fed. (2d ed.) 307.) Where a city had funds on deposit in an insolvent bank, it was held not entitled to ·a preference, by reason of its public character, over a claim based on a deposit of individual funds. *Sturgis* v. *Meade County Bank,* 38 S. D. 317, and *In re Northern Bank,* 212 N. Y. 608, affirming the same case in 163 App. Div. 974.

The plaintiff in error contends that the money in question in this case constitutes a trust fund, that the bank knew it was a trust fund, the account was an official account, and therefore the deposit created a trust relation between the bank and the plaintiff in error. Deposits in a bank may be either general or special. A general deposit is a deposit generally to the credit of the depositor, to be

drawn upon by him in the usual course of the banking business. (*Wetherell* v. *O'Brien*, 140 Ill. 146; *Otis* v. *Gross*, 96 id. 612; *Mutual Accident Ass'n* v. *Jacobs*, 141 id. 261; *McGregor* v. *Battle*, 128 Ga. 577; *Alston* v. *State*, 92 Ala. 124; *Warren* v. *Nix*, 97 Ark. 374.) A special deposit is a deposit for safe keeping, to be returned intact on demand, or for some specific purpose not contemplating a credit on general account. (*Wetherell* v. *O'Brien, supra; Mutual Accident Ass'n* v. *Jacobs, supra; Fogg* v. *Tyler*, 109 Me. 109; *Anderson* v. *Pacific Bank*, 112 Cal. 598; *Clisby* v. *Mastin*, 150 Ala. 132.) A deposit in a bank is presumed to be a general deposit in the absence of an agreement to the contrary. *Alston* v. *State, supra; Officer* v. *Officer*, 120 Iowa, 389; *Hawes* v. *Blackwell*, 107 N. C. 196; *Bank of Marysville* v. *Windischmuhlhauser Brewing Co.* 50 Ohio St. 151.

A fiduciary may deposit trust funds as a general deposit. The fact that the funds so deposited are trust funds and known by the bank to be so does not make the deposit special. In the absence of evidence making it a special deposit the depositor simply becomes a creditor of the bank, standing upon the same footing as other general creditors and entitled to no preference, the bank simply becoming indebted to him in his representative capacity. (*Paul* v. *Draper*, 158 Mo. 197; *Officer* v. *Officer, supra.*) The depositor may be described in the pass-book, certificate or receipt which evidences his deposit, as a trustee, executor, administrator, guardian, agent, treasurer, manager, or by some other word or words indicating his fiduciary character, but this will not, alone, render the deposit special. (*Paul* v. *Draper, supra; Officer* v. *Officer, supra; Thompson* v. *Orchard State Bank*, 76 Colo. 20; *Gray* v. *Elliott*, 36 Wyo. 361; *Pethybridge* v. *First State Bank*, 75 Mont. 173.) "When deposits are received, unless they are special deposits, they belong to the bank as a part of its general funds and the relation of debtor and creditor arises

between the bank and the depositor. This is equally so whether the deposit is of trust moneys or funds which are impressed with no trust, provided the act of depositing is no misappropriation of the fund." (*Fletcher* v. *Sharpe,* 108 Ind. 276.) Where public funds are deposited by an officer having the custody of them to his credit as such officer, not as a special deposit, the money deposited becomes the money of the bank, and the officer is entitled to no priority of payment because of the public character of the funds. (*Otis* v. *Gross, supra; Phillips* v. *Gillis,* 98 Kan. 383; *Smith* v. *Arnold,* 165 Ky. 214; *Brown* v. *Sheldon State Bank,* 117 N. W. (Iowa) 289; *Alston* v. *State, supra.*) It was said in *Massachusetts Bonding and Ins. Co.* v. *Standard Trust and Savings Bank,* 334 Ill. 494: "The rule in this State governing the relationship of a depository to a trust account was announced in *State Nat. Bank* v. *Reilly,* 124 Ill. 464, and is, that a depository of trust funds may not divert such funds from the beneficiaries, for private debts or otherwise. The contract between the bank and the trustee depositor relating to such trust fund is, that the former will pay according to the checks of the latter when drawn in proper form, and in so doing the bank is bound to presume, in the absence of knowledge on its part to the contrary, that the trustee is lawfully performing his duty in drawing checks against the fund, and the bank is required to honor them accordingly. A bank may properly make payments on the checks of a trustee depositor whose deposit it holds until notice of some adverse claim. If the bank is affected with knowledge of the unlawful character of the appropriation it will be required to refund."

The two pass-books, in which were entered the sums deposited by the petitioner as supervisor of the town and treasurer of the road and bridge fund, were the ordinary pass-books in which the credits were made by the bank in the checking accounts of its customers. The two certifi-

cates of deposit were the ordinary time certificates of deposit issued by the bank to depositors who requested them, payable to the order of the depositor on the return of the certificate properly indorsed, with interest at the rate of four per cent per annum for all full months if left three months. When the plaintiff in error placed the money in the bank on general deposit the title immediately passed to the bank and the relation of debtor and creditor was created between the bank and the plaintiff in error. *McGregor* v. *Battle, supra.*

The circuit court properly decided that the plaintiff in error was not entitled to a preference of payment. Its order is affirmed.

*Order affirmed.*