(No. 21606.—)

THE PEOPLE *ex rel.* Oscar Nelson, Auditor of Public Accounts, *vs.* THE WAUKEGAN STATE BANK, Appellee.— (THE PEOPLE *ex rel.* Lester Tiffany, Sheriff, Appellant.)

*Opinion filed December 23, 1932—Rehearing denied Feb. 8, 1933.*

CHARLES E. MASON, State's Attorney, A. V. SMITH, and PAUL MACGUFFIN, for appellant.

LITCHFIELD & SNYDER, (GERALD C. SNYDER, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

In this case the sheriff of Lake county is seeking to have allowed as a preferred claim, to be paid to him by the receiver of the Waukegan State Bank in full before the claims of other creditors, an account which he had in his name, as sheriff, in the Waukegan State Bank at the time of its failure and the taking possession of its assets and business by the Auditor of Public Accounts. At the conclusion of business on June 17, 1931, the bank closed its doors, and at a meeting of the board of directors held

the same evening it was unanimously resolved that in order to protect the interests of all depositors the bank should not open for business the next day or thereafter until further action by the directors, and that the Auditor of Public Accounts be notified by the president of the bank and asked to take charge of the bank and conduct its affairs according to law and in the usual course. The Auditor determined that the bank could not be re-organized but should be liquidated through a receivership, and on July 28, 1931, appointed Fred Brown Whitney receiver. Under the direction of the Auditor the receiver took possession of the books, records and assets of the bank. The Auditor later filed a bill in the circuit court of Lake county against the bank for the settlement of its business and its dissolution as a corporation. In this proceeding Lester J. Tiffany, who was the sheriff of Lake county, filed an intervening petition in the name of the People of the State of Illinois to have his claim against the bank for $9436.37 allowed and paid by the receiver as a preferred claim. The receiver answered, and upon a hearing, at which all facts were stipulated, the court found that the State was not the owner of the fund or entitled to an allowance of it as a preferred claim and entered an order allowing it as a general claim, to be paid in due course of administration. The petitioner has appealed.

In addition to what has been stated it was stipulated that Lester Tiffany is the sheriff of Lake county and as such is keeper of the jail and required to collect certain fees for services of his office; that the expense of operation of his office is payable from such fees; that he had the custody of certain funds by virtue of his office, which he caused to be deposited in the Waukegan State Bank, and the balance in the account is $7618.49; that he deposited in a savings account in the bank a voucher from the government of the United States for $1817.88 received by him for services already rendered as sheriff for boarding

Federal prisoners; that neither he nor the State is liable to the bank or its receiver for any amount, and the books of the bank show that he had on deposit in the checking account $7618.49 and in a savings account $1817.88, the checking account being in the name of "Lester Tiffany, sheriff," and the savings account in the name of "Lester Tiffany," and including an item of $4.53 for interest credited; that Tiffany took office on the first Monday in December, 1930, and the checking account was opened in that month. The bill then sets forth an account of the receipts and disbursements of the petitioner as sheriff, including his compensation and the expenses of the office. It was stipulated that the claimant's "exhibit 1" is a true photostatic copy of the voucher that was deposited with the Waukegan State Bank in the savings account, and the funds received on it were deposited in the name of Tiffany in the savings account referred to in the stipulation and the United States government now has no interest in the savings account or the fund, and that the voucher was for payment for past services in dieting Federal prisoners in the Lake county jail by the sheriff of Lake county. A resolution of the county board of Lake county was also introduced in evidence approving the prosecution of this action and this appeal by the sheriff and State's attorney, together with the employment of counsel. This was all the evidence.

We held in *People* v. *Farmers State Bank,* 335 Ill. 617, that the State has a right of priority in the payment of debts of any character due to it in preference to any creditor of its debtor who had not a specific lien upon the assets of the debtor. That case was a bill in chancery filed by a county treasurer and *ex-officio* county collector against the receiver of a bank to recover money which he had collected as taxes and deposited in the bank, which remained to his credit at the time of its suspension and the appointment of a receiver, and it was held that the debt which was sought

to be collected was not a liability for taxes but was a liability for an ordinary debt for money deposited—a general debt, which would participate *pro rata* with all other general creditors except for the privilege of priority of payment which the State possessed. Later, in numerous suits which were brought by treasurers or other officers representing counties, towns, school districts, highway commissioners or other agencies or political subdivisions of the State, it was sought to establish preference over other creditors of banks, after their insolvency, for the funds of such agencies or political subdivisions, of the same character as that declared to exist in *People* v. *Farmers State Bank, supra.* The right of priority was denied in all those cases on the ground that the right exists only in behalf of the State; that the basis of the right is the general principle of the common law that "where the king's right and that of a subject meet at one and the same time the king's shall be preferred." (8 Bacon's Abridgment, 91.) This was the right of the king at common law because he was the sovereign, and the State having succeeded to the sovereignty and adopted the common law became entitled to the rights incident to sovereignty. Sovereignty resides only in the State. It is entire and indivisible. Counties, towns and school districts are only agencies of the State through which it exercises certain of its powers, and they have no rights or powers except such as have been expressly granted to them or are necessarily implied from those which have been expressly granted. The right of preference over other creditors of their debtors is not among powers granted to such quasi-municipalities or necessarily implied from those which have been granted. No evidence of the existence of such right in any political subdivision or municipality in England has been cited and the reason on which the basis of the right is founded is not applicable to such cases. It has been held in many cases that the right which a State has to a preference over creditors of a common insolvent

debtor does not extend to a county, and the principle applies to towns, highway commissioners and other similar organizations. Where a·city had funds on deposit in an insolvent bank it was held not entitled to a preference, by reason of its public character, over a claim based on a deposit of individual funds. Some cases in which these principles have been announced will be found cited in *People* v. *Home State Bank*, 338 Ill. 179. In that case it was held that the right of priority recognized in *People* v. *Farmers State Bank, supra,* did·not extend to a road and bridge fund of the town and its hard road fund deposited by the supervisor, as treasurer, in the bank which was defendant in that case. So it was held in *People* v. *Farmers State and Savings Bank*, 338 Ill. 134, that a school district is not entitled to priority over other creditors of a bank in the payment of money received from taxes collected for school purposes and deposited with the bank; in *People* v. *Bank of Chebanse*, 340 Ill. 124, that a county treasurer is not entitled to preference as to county funds which have come into his hands as county treasurer; and in *People* v. *Ohle*, 345 Ill. 405, that the county superintendent of schools is not entitled to a priority for the county's share of the State school fund which has been deposited in a bank which afterward became insolvent.

The appellant argues that a sheriff is engaged in the administration of justice, which is an essential attribute of·sovereignty, and that he is a constituent part of a State court and the principal law administrative and enforcing officer, with numerous common law duties and others imposed by statute. It is alleged in his petition that the sheriff is a State officer of the State of Illinois, and that as such sheriff he had the custody of $9436.37, funds of the State, and as such sheriff and custodian and lawful payee of such State money he caused it to be deposited in the Waukegan State Bank as moneys of the sheriff held for the State. Neither of the fundamental propositions upon which the

appellant bases his claim is sustained by the law. The deposits in the Waukegan State Bank of the fees and earnings of the sheriff's office belong to the county of Lake and not to the State, and the sheriff is a county officer and not a State officer.

Section 8 of article 10 of the constitution of 1870 provides that "in each county there shall be elected the following county officers, at the general election to be held on the Tuesday after the first Monday in November, A. D. 1882: A county judge, county clerk, sheriff, and treasurer. * * * Each of said officers shall enter upon the duties of his office, respectively, on the first Monday of December, after his election, and they shall hold their respective offices for the term of four years, and until their successors are elected and qualified." In *Donahue* v. *County of Will,* 100 Ill. 94, the question arose as to whether or not the county treasurer was a State officer. The proceeding was a common law writ of *certiorari* to review the record of the county board of Will county and the order of the board made upon such record "that Mr. John T. Donahue, county treasurer and *ex-officio* collector of Will county, ought to be, and is hereby, removed from his said office." It was urged that the board of supervisors had no constitutional power to remove the appellant from office because such removal could only be made by impeachment, and section 15 of article 5 of the constitution, which provides that "the Governor, and all civil officers of the State, shall be liable to impeachment for any misdemeanor in office," was cited in support of this claim. It was insisted that as the county treasurer was commissioned by the Governor, collected and received State revenue, settled with the Auditor and paid the same to the State Treasurer, he performed functions for the State and was embraced in section 15 of article 5. The court said that a complete answer to this position was that section 8 of article 10 of the constitution in unmistakable terms declared he was a county officer, and, being

a county officer, section 15 of article 5 could have no application. The office of sheriff was created by the same section as the office of treasurer, and the decision cited applies as well to the former office as the latter.

Section 10 of article 10 of the constitution provides that "the county board, except as provided in section nine of this article, [which refers to county officers of the county of Cook,] shall fix the compensation of all county officers, with the amount of their necessary clerk hire, stationery, fuel and other expenses, and in all cases where fees are provided for, said compensation shall be paid only out of, and shall in no instance exceed, the fees actually collected. * * * Provided, that the compensation of no officer shall be increased or diminished during his term of office. All fees or allowances by them received, in excess of their said compensation, shall be paid into the county treasury." This section provides that the county officers receiving fees shall pay into the county treasury all fees and allowances in excess of their salaries and expenses. The case of *People* v. *Foster,* 133 Ill. 496, was an action brought on the official bond of the sheriff of Macon county for various breaches of the bond in failing to pay over certain fees and emoluments received by him for his services as sheriff during his term of office, belonging to Macon county. It was insisted that certain items alleged to have been received and retained by the sheriff were not fees and emoluments of his office which he was by law required to account for and pay into the treasury. In respect to this claim it was said: "It is said that the item for conveying prisoners is a compensation allowed by the State for a service performed for the State and in which the county has no interest or concern. It must, however, be said that the money thus received is an emolument which Foster received by virtue of his office, and by the statute, as we have seen, he is required to report and account for all fees and emoluments, 'of whatever name or character,' received by him as such

officer. The legislature, not content with using the words 'fees' and 'emoluments'—the latter of which, by reference to any standard, will be found to mean that which is received as a compensation for services, or as a pecuniary consideration annexed to the possession of an office, as salary, fees and perquisites—have seen fit to use language so comprehensive as to include every payment to him which comes to him as such officer. The sheriff is required by law to attend upon the sittings of the courts of record of his county and is allowed therefor a *per diem*, to be paid out of the county treasury. It is his duty to present his bills therefor, properly verified, and for the county board to audit the same and order the *per diem* earned to be paid from the county fund. There are numerous instances where fees earned by the officer are made by law payable out of the county treasury, and in all such cases they are to be treated as other fees earned by the officer, as before stated. We think it clear that Foster was required to account for the amounts received by him as sheriff from the State or the county treasury, or from any other source, for any service he, as sheriff, was required by law to perform."

In *County of LaSalle* v. *Milligan*, 143 Ill. 321, a suit was brought against the county for compensation, fees and emoluments earned by the plaintiff as sheriff, and the court was asked to hold that the appellee was not entitled, as sheriff, to pay for expenses incurred by him in conveying paupers and insane persons to hospitals, etc., in addition to the fees and mileage allowed by law. In discussing this proposition the opinion said: "These 'fees and mileage allowed by law' did not belong to the sheriff but in theory belonged to the county. If collected by him they must be accounted for as other fees and any excess over his allowances covered in the county treasury. Primarily, with other fees collected, they formed the fund out of which, only, could the salary of the sheriff and the expenses allowed be paid. * * * By the statute the expense of conveying pau-

per insane to the hospitals is to be paid by the county, and other patients not paupers by the guardian, conservator or relative. If the sheriff conveys a distracted person not a pauper he collects the mileage allowed by law from the person chargeable. In such case, as when he conveys a pauper, it is his duty to report the fees earned as an earning of his office, and the board must audit and allow whatever is, in fact, earned under the law. When this is done and he collects the amount he is required to treat it as any other earning of his office."

It is clear that the sheriff is not a State officer but a county officer; that the fees, emoluments or receipts of his office do not belong to the State and that the State has no interest in them, but do belong to the county so far as they exceed, if at all, the compensation and expenses of his office due from the county to the sheriff. There is no basis for the appellant's claim of preference over the other creditors of the bank.

The decree was right. It is affirmed.

*Decree affirmed.*