The People of the State of Illinois ex rel. Oscar Nelson, Auditor of Public Accounts of the State of Illinois, Complainant, v. Farmers State Bank of Warsaw, Defendant.

Harry Hill et al., Defendants in Error, v. William L. O'Connell, Receiver of Farmers State Bank of Warsaw, Plaintiff in Error.

Gen. No. 8,937.

Opinion filed January 17, 1936.

HOMER H. WILLIAMS, of Carthage, for plaintiff in error.

O'Harra, O'Harra & Roeth, of Carthage, for certain defendants in error.

Mr. Justice Fulton delivered the opinion of the court.

A suit was brought in the circuit court of Hancock county by the auditor of public accounts of the State of Illinois against the Farmers State Bank of Warsaw for the confirmation of the appointment of a receiver in connection with the winding up of the affairs of said bank, which had closed. An intervening petition was filed on behalf of James H. Adair and Elizabeth Adelia Adair seeking to establish a preference for a deposit in the said bank made by Harry and W. A. Hill, as executors under the last will and testament of Henry D. Hill, deceased.

No serious question arises from the pleadings filed in said cause. The question involved is, whether the Farmers State Bank of Warsaw, at the time of its closing, held the funds in controversy as trustee for the intervening petitioners. All of the facts are stipulated and are substantially as follows: Henry D. Hill, who died about August 30, 1918, by his last will and testament gave one-sixth part of his estate, after payment of the debts and certain specific legacies, to the children of a deceased daughter, Bertha Adair. The intervening petitioners and Mary Louise Adair Kersinski constituted the children of Bertha Adair. On or about October 10, 1918, Harry and William A. Hill qualified as executors. The will provided that the executors should hold back the shares of the children of Bertha Adair until they respectively became of age, and until that time to be kept at interest. The shares which the executors, under the will, held for the children of Bertha Adair amounted to approximately $3,300, which amount the executors invested in United States Liberty Bonds and placed the same in the Farmers State Bank of Warsaw for safekeeping. The interest on these

Liberty Bonds, as collected, was deposited in savings account No. 935 to the credit of Harry and W. A. Hill. The cashier and assistant cashier of the bank knew that Harry and W. A. Hill held said bonds, by virtue of and in accordance with the provisions of said will, for the children of Bertha Adair.

In 1929, Mary Louise Adair, now Kersinski, became of age. Prior thereto the bonds were sold by the Farmers State Bank of Warsaw for Harry and W. A. Hill and proceeds placed to their credit in the same savings account, No. 935. The amount derived from the sale of the bonds amounted to $3,216.95. The interest on the bonds and the interest on the savings account, paid by the Bank and deposited in said account, was the sum of $1,277.38. On December 5, 1929, Harry Hill and W. A. Hill made their settlement with Mary Louise Adair Kersinski and paid her the one-third part of the amount on deposit to their credit in savings account No. 935, leaving the balance in said account at interest where it remained until the closing of the Bank on May 5, 1930. Walter C. Van Pappelendam, who was first appointed receiver by the auditor of public accounts was later succeeded by William L. O'Connell, the plaintiff in error, herein.

The case was tried by the circuit court upon this stipulation of facts and an order entered wherein the court found that Harry and W. A. Hill, as trustees, had no power to deposit this fund in a savings account in the Farmers State Bank of Warsaw and that the knowledge of the bank officers of the character of the fund constituted the bank a trustee for the intervening petitioners, allowing their claim as a preference in the amount of $2,847.24 and as common claim in the amount of $395.55, to be paid in the due course of administration. A writ of error was sued out of this court by the receiver, now plaintiff in error, to review the said order of the circuit court of Hancock county.

The plaintiff in error contends that the stipulation does not disclose any facts which show that the deposits, made by the executors, were contrary to law or in violation of any statute, covenants or order of court. They insist that the money was deposited in the savings account to the credit of Harry and W. A. Hill and that it was not the intention of the parties to create any relationship other than that of debtor and creditor and that the deposit so made constituted a general deposit and not a special deposit. The theory upon which the defendants in error seek to sustain the decree of the trial court is that there is an unlawful deposit of trust funds made by a trustee, with the knowledge of the bank, and that therefore the bank becomes a trustee *ex maleficio* of the funds. In support of this contention they rely upon the case of *People v. State Bank of Maywood,* 354 Ill. 519. In that case the village of Maywood sought to have its claim to certain funds, deposited by it in a closed bank preferred over the claims of other creditors on the ground that the funds were trust funds. In said case the village of Maywood had passed a valid ordinance requiring a bank to execute an indemnity bond to qualify as a depository for certain classes of village funds. The court held that the acceptance of the deposits by the bank, without complying with the terms of that ordinance with reference to supplying the indemnity bond, created it a trustee *ex maleficio* and the funds so deposited became trust funds. It was held in that case that the receipt of deposits without compliance with the ordinance with respect to the bond was an unlawful act. The action of the bank in that case was a clear violation of the terms of the ordinance and therefore unlawful. In this case there is nothing appearing in the stipulation of facts which shows the deposits made by Harry and W. A. Hill in the savings bank account to be unlawful. There was no statute prohibiting such deposit; it was not a

violation of any ordinance or the order of any court and if it was not unlawful then they constituted merely general deposits. The case of *Gits v. Foreman,* 360 Ill. 461, seems applicable to the facts in this case; indeed, it seems to cover all the questions argued by counsel in their briefs. In that case a deposit was made on February 16, 1930, in the name of the estate of Paulina Gits, a minor, by Valentine Gits, guardian. On June 24, 1932, the bank was closed and Foreman was appointed receiver. The deposit was made without any order of the probate court wherein the estate of the minor was pending. So far as the records disclosed, the deposit was made by the guardian, on her own responsibility, as was done by the trustees or the executors in the instant case. Upon the question as to whether the deposit was made special, merely because of the fact that it was made by a guardian, known to be such by the bank, the court said: ''There is no presumption that a deposit by a guardian of his ward's funds is a special deposit or trust fund as distinguished from a general deposit. The presumption is that a deposit in a bank is a general deposit, in the absence of an agreement to the contrary.'' Citing *People v. Home State Bank,* 338 Ill. 179. The court clearly stated in that case that the question is not what relation the depositor or the fund bears to some third party but rather whether a trust relation is created between the bank and the depositor in connection with the fund. The opinion further used the following language:

''There must be some obligation on the part of the bank, arising at the time these deposits were made, to treat them as a trust fund before the claimant may take preference over other creditors. There can, in the nature of the transaction, be no obligation on the bank to inquire whether a deposit made by a guardian is to be a temporary one or more or less permanent, though the question of diligence of the guardian in seeking invest-

ment of his ward's funds, or whether the deposit was, in fact, temporary, is one which is always open for consideration in the settlement of his accounts. Such a question, however, is not here.''

Defendants in error seek to distinguish the above case on the ground that the guardian there temporarily deposited the money awaiting the proper investment of the same. As above recited the deposit was made in the *Gits* case on February 17, 1930, and the bank closed on June 24, 1932. In this case the proceeds from the sale of Liberty Bonds were deposited in the bank on September 15, 1928. Mary Louise Adair Kersinski became of age in 1929 and on December 5, 1929, the executors paid Mary Louise Adair Kersinski her distributive share of the entire deposit. James H. Adair was rapidly approaching his majority at which time he would be entitled to his distributive share of the amount on deposit and under these circumstances there are no facts which distinguish this case in principle from the *Gits* case.

It is our opinion that Harry and W. A. Hill, as executors or trustees, were guilty of no wrongdoing at the time of making the deposits and no trust arising out of their actions is here involved. They had the right to make the deposits and every presumption is in favor of a general deposit. To make a deposit special the bank must be made an agent or trustee rather than a debtor. We believe the trial court was in error in finding a preference in favor of the intervening petitioners and its decree should be reversed and the cause remanded with directions to the court below to find that the intervening petitioners are common claimants only and not entitled to a preference.

*Reversed and remanded with directions.*