(No. 24990.—

THE PEOPLE *ex rel.* Oscar Nelson *vs.* THE CHICAGO BANK OF COMMERCE.—(HERMAN S. STRAUSS, Appellant, *vs.* CHARLES H. ALBERS, Receiver, Appellee.)

*Opinion filed April 14, 1939—Rehearing denied June 8, 1939.*

Louis H. Silver, and Maurice L. Davis, for appellant.

Schuyler & Hennessy, (Jack S. Morris, C. Ernest Heaton, and Daniel M. Schuyler, of counsel,) for appellee.

Mr. Justice Gunn delivered the opinion of the court:

Herman S. Strauss, the First National Bank and Trust Company of Minneapolis, and J. E. Lehman, were designated as trustees in certain trust deeds given to secure issues of bonds in Cook county, Illinois, and other localities. The Straus Brothers Investment Company was designated in said trust deeds as depositary, paying agent, registrar and withholding agent under said trust deeds. Herman S. Strauss, in each of said trust deeds, was given a power of appointment to designate a new depositary, etc., in case of vacancy. Each of said trust deeds contained a pledge of rent as security for the mortgage debt, the rents to be col-

lected by the person or corporation appointed as depositary, and paid out as interest or sinking fund by such separate trusts at designated periods.

The Straus Brothers Investment Company became insolvent and Herman S. Strauss, exercising his power of appointment, designated the Chicago Bank of Commerce as successor depositary, paying agent, registrar and withholding agent under said trust deeds. The Chicago Bank of Commerce later became insolvent and Charles H. Albers is now acting as receiver, as successor to Alfred K. Foreman.

At the time of the appointment of the receiver the Chicago Bank of Commerce, as successor to the Straus Brothers Investment Company, had on hand $107,900.90 which it had collected as such depositary, paying agent, registrar and withholding agent, and had not yet disbursed to the persons entitled thereto from the several trusts. After the appointment of a receiver for said Chicago Bank of Commerce, Herman S. Strauss was designated as successor depositary, paying agent, registrar, and withholding agent under said trust deeds, in the place of the Chicago Bank of Commerce. As such successor he filed a claim against the receiver of the Chicago Bank of Commerce, claiming a preference in two respects; first, as the owner of trust funds in the bank, and, second, as beneficiary of a trust entitled to be paid out of the deposit of securities in the hands of the Auditor of Public Accounts of the State of Illinois. The claimant takes the position that the Chicago Bank of Commerce was a trustee appointed by deed under the Trust Company act, and successor to the Straus Brothers Investment Company, which gave the beneficiaries of such trust the benefit afforded by the funds deposited under said act.

The receiver of the bank claims that the Straus Brothers' Investment Company was not appointed by deed under said Trust Company act, and that by the appointment of the Chicago Bank of Commerce as successor, it only assumed the same obligations and liabilities that the beneficiaries

could assert against the Straus Brothers Investment Company, which was merely that of a special deposit, and not a trust by deed as defined by the statute.

The instrument under which the Chicago Bank of Commerce took charge of the several properties is as follows:

"Appointment of Successor Depositary, Paying Agent, Registrar and Withholding Agent,

"KNOW ALL MEN BY THESE PRESENTS,

"WHEREAS, . . . ...................................................
Mortgagor, executed to Herman S. Strauss, Trustee, a Trust Deed and Chattel Mortgage conveying the following described property, to-wit: [Legal description of real estate] as security for $................., which mortgages are recorded in [book, page, etc.] reference to which is hereby made;

"AND WHEREAS, in and by terms of said Trust Deed and Chattel Mortgage Straus Brothers Investment Company was designated as Depositary of and Paying Agent for certain monies to be paid from time to time by the said ......[mortgagor]......, as in said Trust Deed and Chattel Mortgage will more fully appear;

"AND WHEREAS, Straus Brothers Investment Company is unable to and has refused to continue to act as Depositary, Paying Agent, Registrar and Withholding Agent, under the provisions of the aforesaid Trust Deed and Chattel Mortgage;

"Now, THEREFORE, the undersigned, Herman S. Strauss, Trustee, has elected to and does hereby exercise his right, power and privilege of appointment in him vested, and duly appoints and designates the Chicago Bank of Commerce of Chicago, Illinois, to succeed the said Straus Brothers Investment Company as Depositary, Paying Agent, Registrar and Withholding Agent under the provisions of the Trust Deed and Chattel Mortgage above mentioned, and said Chicago Bank of Commerce will, by virtue of its appointment by the undersigned Trustee, be entitled to exercise all of the rights, powers, privileges and duties heretofore vested in said Straus Brothers Investment Company under the provisions of the aforesaid Trust Deed and Chattel Mortgage.

"By reason of the appointment therein by the undersigned Trustee, and the acceptance of such appointment by the said Chicago Bank of Commerce, *the mortgagor is authorized* and directed to make any and all payments for and on account of principal of or interest on any of the bonds and/or coupons secured by the aforesaid Indenture, as well as any and all payments for and on account of income tax payments, which said principal and/or interest or

income tax payments may be due now or hereafter accruing, to said Chicago Bank of Commerce of Chicago, Illinois.

"In Witness Whereof the undersigned has hereunto set his hand and seal this 15th. day of August, A.D. 1931.

(Signed) Herman S. Strauss, (seal)<br>Trustee.

"Acknowledgment of Herman S. Strauss, before Louis H. Silver, Notary Public.

Acceptance.

"The undersigned, Chicago Bank of Commerce of Chicago, Illinois, does hereby accept the appointment as Depositary, Paying Agent, Registrar and Withholding Agent made by the Trustee in the within instrument pursuant to the provisions of the Trust Deed and Chattel Mortgage from......................, Mortgagor, to Herman S. Strauss, Trustee, recorded in the Office of the Recorder of Deeds of...........................County, Illinois. [here describing date, book, page, etc.]

Chicago Bank of Commerce<br>By (Signed) Frederic Pope,<br>Vice President.

"Attest:
(Signed) T. H. Jenkins,
Assistant Trust Officer.

"Acknowledgment of Frederic S. Pope and T. H. Jenkins, before E. E. Wakeland, Notary Public."

Upon hearing, the circuit court of Cook county entered a decree in favor of the petitioner, allowing a preferred claim individually in his capacity as depositary, paying agent, registrar and withholding agent, and also decreed that said Strauss was entitled to the security of the fund deposited with the Auditor of Public Accounts, to protect beneficiaries of trusts created by deed under the Trust Company act. The judgment of the circuit court as to the right of Strauss to participate in the securities deposited under the Trust Company act, was reversed by the Appellate Court for the First District and an appeal was allowed to this court.

The question involved is whether, under the facts shown in this case, Herman S. Strauss, as successor depositary, paying agent, registrar and withholding agent, was entitled

to a preferred claim against the funds deposited with the Auditor of Public Accounts under the Trust Company act.

While the Chicago Bank of Commerce was acting as successor depositary, etc., it collected, or there was paid into it by the owners of the several properties, $107,900.90. On the books of the bank a separate account in the trust department was made for each mortgage. The total of all the accounts covered by the mortgages was carried in the commercial accounts of the bank as a liability of the trust department. The amounts paid in by the several mortgagors were credited in the account upon which they were paid until the six-months' interest payment on the mortgage was accumulated. When a sum equal to six-months' interest was collected it was transferred to the coupon account. Substantially the same method was used in carrying the money collected from each separate mortgage account and the transactions were identical, except as to the amounts collected. It is to be observed that the trustees named in the mortgage deed hold the title to the real estate mortgaged and pledged, and the Straus Brothers Investment Company was designated as the concern with which to deposit the money, register the bonds, pay out, etc., and a power was given one of the mortgage trustees to appoint a successor depositary.

The statute under which claim is made provides that any corporation, incorporated for the purpose of accepting and executing trusts, may be appointed assignee or trustee by deed, and executor, guardian or trustee by will, with like force as in case of appointment of a natural person. (Ill. Rev. Stat. 1937, chap. 32, par. 287.) It is also provided that such corporations shall not be required to give bond or security but shall be responsible for all investments, *and shall be further liable as natural persons in like positions now are.* (Ill. Rev. Stat. 1937, chap. 32, par. 289.) The purpose of the statute was to authorize certain corporations to act as express trustees without bond, and that securities

be deposited with the Auditor of Public Accounts in lieu thereof, as the statute also provides, in event of the failure of the corporation, that the owners of the funds held in trust for investment or distribution shall have a lien to the extent of their interest in such funds, on the securities set apart, in addition to their claim against the estate of such corporation. (Ill. Rev. Stat. 1937, chap. 32, par. 289.) The statute, by implication, excluded from participation in such deposited funds or securities, any one not claiming under a trust created by deed or will,—*i. e.,* an express trust. It obviously was intended to exclude beneficiaries of constructive, resulting or other trusts raised by implication of law. This would seem to be desirable, as an express trust would disclose to the proper officials the exact amount of liability at any time and be a guide to the amount of security to be deposited with the Auditor. The fact that the beneficiary of such an express trust might have a lien upon the securities deposited did not relieve such a corporation from ordinary liability which it might owe as special depositary, or under other trust relation implied by law, because it provided such corporations "shall be further liable as natural persons in like positions now are."

It is well settled that to create an express trust the instrument must, with reasonable certainty, disclose the property embraced, the beneficiaries in whose behalf it is created, the nature of the interest of such beneficiaries and the manner in which the trust is to be executed or performed. *Gregory* v. *Gregory,* 343 Ill. 630; *Snyder* v. *Snyder,* 280 id. 467; *Marble* v. *Marble,* 304 id. 229.

In order for the Chicago Bank of Commerce to be acting as a trustee in this case within the provisions of the above statute, it must act as such by deed. The requirement being by deed, it necessarily follows that the deed shall incorporate all the provisions necessary to make the instrument effective as an express trust. If it requires the application of principles creating trusts by implication to supply missing pro-

visions, or raises duties not set forth, then it fails, in such respect, to be a trust created by deed, because it is, in fact, aided by something other than the deed.

The instrument relied upon does not purport to transfer any property to the bank. Title to such property, and the right to hold the security of a chattel mortgage and the pledge of the rents and profits, was still in said mortgage trustees. The mortgagors reserved the right to appoint a depositary, paying agent, registrar and withholding agent. The appointment provides: "The Mortgagor is authorized and directed to make any and all payments * * * to said Chicago Bank of Commerce." The exact duties of such agent do not appear because none of the mortgages or trust deeds is in evidence, but enough does appear to show that the agent received moneys from the several properties, deposited them in the trust department and from time to time made disbursements. The duration of this appointment rested solely with the appointee of a power,—that is, Herman S. Strauss. The persons to whom the money was to be disbursed do not appear. Undoubtedly it could be ascertained from other sources, but so far as the record is concerned the permanency of the bank's appointment depended upon Herman S. Strauss, and the power given it is that of receiving from the mortgagor the moneys required to be paid by the trust indenture. The appointment in this case was made by mortgagors through their designated appointee, Herman S. Strauss. It was a part of their covenant with the bondholders to carry out the agreement pledging the rents and profits and the payment of interest and sinking fund amounts. Such agent, so far as the money was concerned, was a collecting agent to hold and disburse the money, but since the bank was appointed a situation was created whereby if the moneys collected were deposited generally, the relation of debtor and creditor would be established. (*People* v. *Home State Bank,* 338 Ill. 179; *Wetherell* v. *O'Brien,* 140 id. 146.) When, how-

ever, the amount is deposited for safe-keeping, to be returned intact, or for some specific purpose not contemplating a credit on general account, the deposit is special. (*People* v. *Home State Bank, supra;* 5 Michie, Banks & Banking, p. 635.) Special deposits may be made in such a manner as to create a trust relationship which gives the owners of such special deposit a priority over the general depositors of a bank. (*Woodhouse* v. *Crandall,* 197 Ill. 104.) It seems that appellants have confused the liability of a bank holding special or trust deposits under general equitable principles with that of a bank or other corporation authorized to act as a trustee by deed under the statute in question. Merely because a bank may become liable, by the application of the general doctrine of trusts or of banking law, to a depositor, or that an owner of a special deposit may have priority in the general assets over the claim of a general depositor, does not necessarily mean that such special depositor has a lien upon the funds and securities required to be deposited with the Auditor of Public Accounts under the Trust Company act. Such act provides that when the trust is created in a certain manner the beneficiary shall have a lien on the securities deposited and such bank shall "be further liable as natural persons in like positions now are." The requirement, however, to obtain a lien on the deposited securities, is that an express trust by deed be created. When this is done the beneficiary has his share in the general assets and it may be a preferred claim in the general assets, but, in addition, a *pro rata* lien on the securities deposited. It appears clear from an examination of the instrument under which the Chicago Bank of Commerce was appointed depositary, paying agent, registrar and withholding agent, no trust by deed, capable of being enforced by its own terms, was created. It is true that the instrument would qualify as a deed because it was under seal, and as far as it went it was express, but the money received thereunder was not subject to the bank's own in-

vestment or management but was subject to the direction given by the mortgagors in their several deeds of trust.

It is not necessary to determine whether a special deposit was created but it is clear that the deed did not create an express trust containing all the requirements necessary to enable it to participate in the securities deposited with the Auditor of Public Accounts. Here, the lower court held enough was shown to give appellant a preferred claim against the general assets of the bank, but this would not include a lien upon the securities deposited with the Auditor. We think the judgment of the Appellate Court in holding appellant was not entitled to a lien against the assets in the hands of the Auditor, belonging to the Chicago Bank of Commerce, was correct.

The judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*