FIRST INTERSTATE BANK OF GREYBULL, N.A., Appellant (Plaintiff),

v.

BIG HORN FEDERAL SAVINGS & LOAN, Appellee (Defendant),

Ricky Bryant, Alice W. Bryant and James Bryant, Defendants.

FIRST INTERSTATE BANK OF GREYBULL, N.A., Appellant (Defendant),

v.

BIG HORN FEDERAL SAVINGS & LOAN, Appellee (Plaintiff),

Kenneth W. Bryant, James G. Bryant, The Estate of Neva M. Bryant, deceased, Defendants.

Nos. 88–295, 88–296.

Supreme Court of Wyoming.

March 10, 1989.

M. Scott McColloch, Greybull, for appellant.

Nancy G. Hinckley of Hinckley & Hinckley, Basin, for appellee.

Before THOMAS, URBIGKIT, MACY and GOLDEN, JJ., and ROONEY, Retired J.

ROONEY, Retired Justice.

Defendant James Bryant had an Individual Retirement Account (IRA) with appellant bank. Appellant foreclosed a mortgage held by it on property of defendants, and it obtained a deficiency judgment on January 6, 1987 for $92,205.58. On January 9, 1987, appellant garnisheed the IRA account held by it toward satisfaction of the judgment. Defendant James Bryant objected, and the funds were surrendered to the Clerk of the District Court.

Appellee also foreclosed a mortgage held by it on separate property of defendants, and it obtained a deficiency judgment on September 28, 1987. On October 2, 1987, appellee issued garnishment of the Clerk of the District Court towards satisfaction of the judgment.

In an opinion order filed January 12, 1988 in each of the two garnishment cases, the district court allowed joinder of them. This court recognized the joinder in its order of February 6, 1989 assigning the matter to the expedited docket.

This appeal is from a judgment awarding the funds to appellee for the reason that appellant, as custodian of the IRA account, was precluded from garnisheeing them.

We affirm.

Although argued by appellant, we need not here concern ourselves with the priority of the claims,[1] whether or not an IRA account is generally exempt from execution, and whether or not the fact that James Bryant could terminate the account at any time made it subject to execution. The garnishment by appellant was not on behalf of a third party. It was one by the trustee of the account on behalf of itself. Appellant held the account in a fiduciary capacity. 26 U.S.C. § 408 at 417 (Supp. IV 1986) (emphasis added) provides in pertinent part:

"For purposes of this section, the term 'individual retirement account' means a *trust* created or organized in the United States for the exclusive benefit of an individual or his beneficiaries, but only if the written governing instrument creating the *trust* meets the following requirements:

\*      \*      \*      \*      \*      \*

"(2) The *trustee* is a bank (as defined in subsection (n)) or such other person who demonstrates to the satisfaction of the Secretary that the manner in which such other person will administer the *trust* will be consistent with the requirements of this section.
"(3) No part of the *trust* funds will be invested in life insurance contracts.
"(4) *The interest of an individual in the balance in his account is nonforfeitable.*
"(5) The assets of the *trust* will not be commingled with other property except in a common trust fund or common investment fund."

In *Gray v. Elliott*, 36 Wyo. 361, 255 P. 593, 594 (1927) (emphasis added), this court said:

"There are but two kinds of deposits, special and general—those where the bank becomes a *trustee* for a depositor by special agreement or under circumstances sufficient to create a trust, and general deposits, where the bank merely becomes the debtor of the depositor."

In *Masi v. Ford City Bank and Trust Co.*, 779 F.2d 397 (7th Cir.1985), Masi had an IRA account with the Ford City Bank and Trust Company. He then signed a guaranty for a loan by the bank to a third person. When the third person defaulted on the loan, the bank applied Masi's IRA account monies to payment on the loan. In

---

**1.** Appellant's claim had priority over that of appellee since its writ of garnishment was served before that of appellee. *L.C. Jones Trucking Co. v. Superior Oil Co.*, 68 Wyo. 384, 234 P.2d 802 (1951).

finding for Masi, the court held that "IRAs are not regular savings accounts. They clearly are special deposits that constitute a trust relationship wherein the Bank owes a fiduciary duty to the depositor." Id. at 401.

The designation of the depositor's interest in IRA funds as "nonforfeitable" in 26 U.S.C. § 408 means that the bank cannot claim any interest in them. Accordingly, appellant's garnishment was not effective.

AFFIRMED.