COMMISSIONER OF BANKS *vs.* JOHN P. BUCKLEY, guardian.

Suffolk.   February 13, 1933. — March 31, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & DONAHUE, JJ.

*Guardian,* Of veteran of Great War.   *Savings Bank,* Liquidation.

Where a guardian of an incompetent veteran of the Great War deposited
sums of money, consisting exclusively of payments of compensation
and war risk insurance received by him for the veteran from the
United States, in the savings department of a trust company and
the commissioner of banks subsequently took possession of the trust
company for liquidation under G. L. (Ter. Ed.) c. 167, the guardian's
claim for repayment of the money so deposited was not entitled to
priority.

PETITION, filed in the Supreme Judicial Court for the
county of Suffolk on August 31, 1932, by the commissioner
of banks in possession of Charlestown Trust Company,
described in the opinion.

John P. Buckley, guardian of Miley H. Farris, filed an
intervening petition.   The case was reserved by *Pierce, J.,*
for determination by the full court upon the pleadings and
an agreed statement of facts.

*W. J. Hession,* (*T. C. Quinn* with him,) for Administra-
tor of Veterans' Affairs.

*E. T. Doherty,* (*S. Abrams* with him,) for John P. Buckley,
guardian.

*J. J. Walsh, Jr., amicus curiae.*

PIERCE, J.   This is a petition filed by the commissioner
of banks in possession of the Charlestown Trust Company
for instructions "as to his rights, obligation and duty with
reference to the claim for preference of John P. Buckley,
as he is guardian of Miley H. Farris" and for other relief.
The case is before this court by reservation of a single
justice thereof, "upon the pleadings and an agreed state-
ment of facts."   Such facts and the petition disclose that
John P. Buckley was appointed guardian of Miley H. Farris,

who was "adjudicated as incompetent to handle his own affairs" by decree of the Probate Court for the county of Suffolk, on December 26, 1930; that Miley H. Farris was a United States soldier in the Great War and while in the service suffered permanent and total mental disability; that during the period from August 4, 1931, to December 15, 1931, inclusive, the guardian deposited, without withdrawals, thirteen original United States checks in the savings department of the Charlestown Trust Company amounting in all to $1,178.50; that this sum consisted exclusively of payments of compensation and war risk insurance received by John P. Buckley as guardian of Miley H. Farris from the United States Government through the veterans' administration; that on December 21, 1931, the commissioner of banks, under the authority vested in him by G. L. (Ter. Ed.) c. 167, took possession of the property and business of the Charlestown Trust Company, and is liquidating that company under the authority, and in accordance with the provisions, of law in such cases made and provided; that John P. Buckley as guardian of Miley H. Farris duly filed with the commissioner of banks a proof of claim in ordinary form against the savings department of the Charlestown Trust Company and simultaneously filed a claim for preference in proper form, in which he set forth that in his fiduciary capacity he was entitled to the entire amount of the deposit; and that the commissioner of banks, by his agent, has allowed the claim of John P. Buckley as guardian of Miley H. Farris, as a regular claim against the savings department of the Charlestown Trust Company without prejudice to his rights to preference pending the determination of the same by this court.

Since the petition was heard by this court the Supreme Court of the United States has rendered a decision in *Spicer* v. *Smith,* 288 U. S. 430, a case on all fours with the case pending here. On facts, essentially the same as in the pending case, the single question for decision was whether under the relevant acts of Congress money for the war risk insurance and disability compensation paid to a

guardian of an incompetent veteran remains the money of the United States so long as it is subject to his control, the guardian acting as a mere instrumentality of the United States for the disbursement of such money for the benefit of the veteran. The decision above referred to considers the substance of the provisions of all statutes of the United States which were relied on by the guardian and administrator of veterans' affairs, and concludes that the guardian was not an agent or instrumentality of the United States, and that the guardian's claim to priority was without merit. It results in the pending case that the commissioner of banks should be instructed that no priority existed with reference to the intervening petitioner's claim, and that such claim should be allowed as an ordinary claim.

*Decree accordingly.*