The People of the State of Illinois ex rel. Oscar Nelson, Auditor of Public Accounts of the State of Illinois, Complainants, v. First State Bank of Mineral, Defendant.

Olive R. Armstrong, Intervenor-Appellant, v. C. A. Simington, Receiver for the First State Bank of Mineral, Appellee.

Gen. No. 8,738.

Opinion filed May 10, 1934.

JAMES H. ANDREWS, GREGG A. YOUNG and HARPER ANDREWS, for appellant.

CAIRO A. TRIMBLE and PERRY D. TRIMBLE, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

This is an appeal from the circuit court of Bureau county to review a decree entered by that court disallowing a claim for preference made by the appellant, Olive R. Armstrong, against the appellee, C. A. Simington, receiver for the First State Bank of Mineral, Illinois. The bank suspended business September 2, 1931, and on October 14, 1931, the auditor of public accounts filed a bill in the circuit court of said county, praying that the court would take jurisdiction of the case for the dissolution of the bank. On February 22, 1932, a general claim was filed against the bank by the appellants for the sum of $2,007.62. On October 7, 1932, by agreement of the parties a preferred claim was filed, and on March 17, 1933, this claim was amended.

On the hearing the following facts in the case were stipulated to be true. It is agreed that the sum of $2,007.62 was deposited by the appellant in the First State Bank of Mineral and is the proceeds of a war risk insurance policy received by the appellant as beneficiary upon the death of her son, Willis L. Armstrong, an honorably discharged World War veteran; that said sum was deposited in said bank December 12, 1922, with additional sums of money from other sources from time to time, making a total deposit of $2,050. The claim for preference is only made for $2,007.62. It is further stipulated that appellant received a 15 per cent dividend amounting to $313.36 from the bank and a six per cent dividend from a stockholders' suit amounting to $125.34, total $438.70; and that said sum shall be a credit to apply on the claim; that the balance due of the said preferred claim, as so allowed, is the sum of $1,568.92.

The appellant claims that at the time she made the deposit she had a conversation with the cashier and his

assistant; that she took her check to the bank and told them she wished to keep her money as an investment and to draw only the interest for her use from time to time; that she asked their advice as to how she could keep her money invested and that they advised her to deposit the check in a savings account, which she did. This conversation is disputed by the appellees; however, the appellant did deposit her check and was given credit for the same on the books of the bank as a regular savings account, from the time of the deposit until the bank closed. The appellant was regularly credited with the interest on the savings account and made small deposits of money from other sources from time to time and also withdrew small amounts, but always maintained a balance of $2,000 or more.

Upon the hearing of the case, the court entered a decree finding that the defendant's deposit was a general deposit in the savings account; that no special agreement was made, and that no special circumstances attended the making of the deposit, on which any trust arose in favor of the appellant and denied the petition for preference.

The issue presented to this court for decision is: First—Do the federal statutes grant the beneficiary of a war risk insurance policy immunity from attachment, levy, or seizure under any legal or equitable proceedings so that the proceeds of such deposit in a closed bank was entitled to a preference over a general claim? Second—Does the presumption that the first sum paid in is the first sum drawn out govern, if the court finds that there was an expressed intention of this appellant to leave the proceeds of the war risk insurance intact as an investment and only withdraw the income? From an examination of the stipulation and the evidence in the case we are of the opinion that the court properly held that the deposit was a general one in the savings account; that no special agreement was made, and that

no special circumstances attended the making of said deposit, out of which a trust arose.

A deposit with a bank placed to the credit of the depositor creates merely the relation of a debtor and creditor between the bank and the depositor and the bank has no money of the depositor in its possession, but simply owes the money to the depositor. *People v. Tallmadge,* 328 Ill. 210. In order for a claim against an insolvent bank to be given a preferred standing some trust relation must exist, or the claim for preference must be governed by some statute that is applicable.

The plaintiff's contention or claim for preference is based on the fact that the funds here in controversy originated or came from money paid to her as insurance due her from the government on a policy of war risk insurance on her son who was a veteran in the World War. The plaintiff relies upon the World War Veterans' Act of Congress of 1928 found in the United States Code Annotated, Title 38, section 454, page 217, which provides that such funds as this involved herein "payable under Parts II, III, and IV, respectively, shall not be assignable; shall not be subject to the claims of creditors of any person to whom an award is made under Parts II, III, or IV; and shall be exempt from all taxation. Such compensation, insurance, and maintenance and support allowance shall be subject to any claims which the United States may have, under Parts II, III, IV, and V, against the person on whose account the compensation, insurance, or maintenance and support allowance is payable."

The appellant relies upon the case of *Nelson v. Colegrove & Co. State Bank,* 267 Ill. App. 317, in which a guardian of a disabled war veteran was allowed a preferred claim in a closed bank. At the time this opinion was written the Supreme Court of the United States

had not passed upon this question. The State courts are in conflict in this matter, some holding that such claims are preferred, and others holding they are not. The Appellate Court in the *Nelson* case followed that line of decisions holding that such claims should be preferred as governed by the statutes of the United States. Since this decision the Supreme Court has had occasion to render an opinion in this matter. In the case of *Spicer v. Smith,* 288 U. S. 430, 77 L. Ed. 875, they hold that such a claim was not a preferred claim but a general claim against the bank. The *Spicer* case arose in the State of Kentucky. Spicer was a United States soldier in the World War, and while in the service he suffered a permanent mental incompetency; he was entitled to receive from the United States war risk insurance and disability compensation. He had a guardian appointed who qualified and was acting as such. The government paid to the guardian the instalments that were due the ward. The guardian deposited the funds in a bank that later became insolvent and such bank was taken over by the defendant Smith as receiver to liquidate the bank. At the time the bank closed the guardian had on a deposit a sum in excess of $6,000, derived from the payments that were due the soldier from the government. The guardian filed a claim for preference and demanded payment in full of his deposit. The Supreme Court of Kentucky held the said deposit was a general one and not entitled to any preference. The United States Supreme Court, in their opinion, say, "The question has not been considered here and the decision on it in the State courts being in conflict, we granted a writ of certiorari." After a review of other cases and the statement of what the law provides the court held, that, when money is paid by the government to a person entitled to receive it or to a legally qualified guardian, the statute exempting it from legal process does not apply, but the

government has fulfilled its full obligation to the ward when they have paid it to him.

The case of *Duzan v. Cantley*, 227 Mo. App. 670, 55 S. W. (2d) 711, is a case involving identically the same principles of fact and law now before us. The court uses this language: "From this it is argued that the money shall not be subject to the claims of creditors, and since there can be no assignment or garnishment or other proceeding against the beneficiary, therefore the relationship of debtor and creditor cannot exist, especially where the bank takes the fund with knowledge of the source thereof.

"The contention is on the theory that the purpose and intent of the legislation in behalf of veterans is to protect the money from all claims except the United States government, not only until it comes into the hands of the beneficiary, but also until the latter has himself spent it. We think this is not the correct construction or interpretation to be placed thereon. In our view, funds thus arising are not thus protected after they have once come into the hands of the beneficiary. They have then become his absolute property, and having once come into his hands are no longer an object of solicitude or care on the part of the government. The latter is careful to protect the fund until the beneficiary receives it, but no further. This seems to be clear from the use and subsequent reiteration of the word 'payable.' So long as a fund is 'payable' to a person it has not yet reached his hands, but when it has, it can no longer be said to be payable to him. This is borne out by the plain intent of section 54, page 81, of the above-mentioned USCA, where, in protecting money due pensioners, attachment, levy, or seizure of such funds is prohibited, it speaks of money 'due, or to become due,' to any pensioner, 'whether the same remains with the Pension Office or any officer or agent thereof, or is in course

of transmission to the pensioner.' It is not exempt after it is paid to the pensioner." *Duzan v. Cantley,* 227 Mo. App. 670, 55 S. W. (2d) 711.

In the case of *Commissioner of Banks v. Buckley,* 282 Mass. 512, 185 N. E. 27, the court considered a case very similar to this case. At that time the Supreme Court of the United States in the case of *Spicer v. Smith, supra,* had been decided. They there reviewed the substance of the provisions of all the statutes of the United States which were relied upon by the claimants for preference in veterans' affairs and the court decided that the claimants only take a general claim against the assets of the bank.

The evidence in this case shows that the appellant made the deposit in the bank in December, 1922, and the same remained as a savings account in said bank until the bank closed in September, 1931. When the appellant accepted the check for the amount due her under this policy from the government she accepted it as payment for her claim against the government and was a full payment of her claim. She treated it as such and accepted the interest on this deposit from the bank on each interest paying date. Because she did not choose to spend the amount that she had received on the policy of insurance and deposited it in the bank, would have no bearing upon the question of whether the same was protected by the statute of the United States, excepting certain funds, from attachment, etc. It is our opinion that the court properly found that this claim was not a preferred one, but one to be allowed as a general claim against the assets of the closed bank.

*Decree affirmed.*