Annie Chamness, Guardian of Ludine Lacy, a Minor, Appellee, v. O. A. James, Receiver of the Marion Trust and Savings Bank, Appellant.

Opinion filed June 4, 1934.

WILLIAM H. WARDER, for appellant.

JOHN M. REID, for appellee.

MR. PRESIDING JUSTICE EDWARDS delivered the opinion of the court.

By stipulation, it appears that the Marion Trust and Savings Bank was closed as insolvent, by the auditor of public accounts, on April 12, 1930, and that O. A. James, appellant herein, was appointed receiver, and continued in such capacity during this litigation.

That at the time such bank was so closed, among its other items of deposit, was one in the sum of $460.20 in favor of appellee, Annie Chamness, as guardian of Ludine Lacy, a minor, the said Ludine Lacy being the daughter of John Lacy, deceased, a Civil War soldier. That the sum, so on deposit, was pension money, coming to the said minor from the United States government in the form of checks, which were mailed by the government agencies to appellee, in her capacity as

such guardian, and by her deposited in said bank, and that such funds were kept in the bank, and never turned over to or expended for the benefit of said minor, Ludine Lacy.

That following the bank's closing, appellee procured the allowance of the amount on deposit as a common claim, and thereafter three dividends, aggregating $151.07, were paid to the guardian on such claim. That subsequently, appellee filed her petition in the circuit court of Williamson county, in which she set forth that the claim, under the laws of the United States, should have been allowed as a preference; that at the time it was allowed as a common claim, she was not aware of her rights, or the legal status of such claim, and prayed that the claim be allowed as a priority in the sum of $309.13, the difference between the amount of the deposit and the dividends paid on the demand.

Upon hearing, the court adjudged that the title to such moneys never passed to Ludine Lacy, but remained in the United States government for her use; that the government at all times had control and direction of the moneys by and through said guardian; that, as a consequence, a priority existed in favor of the minor as respects said balance of $309.13, and ordered that same be allowed as a preference and paid in full by the receiver. From this order, the receiver has appealed.

The sole question, at issue, is whether the moneys so deposited in the Marion Trust and Savings Bank remained the money of the United States, and was held by appellee as agent of and for the government. If it continued so to be, the claim was properly allowed as a priority; if not, it was but a common claim, and the order of allowance, as a preference, was erroneous.

The proposition appears to have been definitely and finally settled by the Supreme Court of the United States, in the case of *Spicer v. Smith*, 288 U. S. 430, 53 Sup. Ct. 415, on a state of facts in all essentials the

same as in the instant case. The court therein, after a review of the statutes of the United States bearing upon the question, determined that the guardian was not an agent or instrumentality of the United States government in her custody and holding of such funds, and that she, in her capacity as such guardian, was not entitled to have such claim allowed as a preference.

In *Commissioner of Banks v. Buckley*, 282 Mass. 512, 185 N. E. 27, in a situation strikingly similar, both to the facts in *Spicer v. Smith, supra,* and the present case, it was held that the decision in the *Spicer* case was the controlling authority upon the question, and following the rule therein declared, held that no priority existed in favor of the guardian, whose demand should be allowed as an ordinary claim.

From the authorities, it is clear that the guardian, after receiving the money in question, did not hold it as an agent of the United States government, and that it, in her hands, was not the money of the United States, but the money of the ward, held in trust for her, by the guardian, and that the court could not properly allow it as a preferred claim.

The order is reversed, and the cause is remanded to the trial court with directions to set aside the order allowing the claim as a priority, and to allow it as a common claim.

*Reversed and remanded with directions.*