Jettie Hampton, Conservatrix of Jesse Allen Hampton, Appellant, v. Herrin Loan and Improvement Association, Appellee.

Opinion filed March 4, 1937. Rehearing denied April 6, 1937.

STONE & FOWLER, of Marion, for appellant.

R. T. COOK, of Herrin, and L. A. COLP, of Marion, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

On May 8, 1926, Jettie Hampton was appointed conservatrix of her husband, a disabled World War veteran, and as such received from the United States Government the sum of $40 monthly for his support, from July 1, 1926, to July, 1930, when he died. Of such funds she invested the amount of $1,244.25 in stock of the Herrin Loan & Improvement Association, defendant below and appellee herein, the latter knowing that the funds so invested were received by her as conservatrix of her husband. The certificate for such shares was taken in the individual name of Mrs. Hampton.

In January 1932, the conservatrix filed the bill of complaint in this cause, praying that the amount she had paid defendant for such stock be decreed a debt in her favor, as a trust fund; that it be declared a first lien upon the assets of defendant, and that the latter be ordered to pay such sum to the complainant.

In addition to the foregoing the bill alleged that she had made demand upon defendant for the return of such funds, and that the latter had failed to comply therewith. It further averred that she, as such conservatrix, was and is the agent of the United States Government for the purpose of receiving such funds for the benefit of her ward, his heirs and beneficiaries, and that the title to such funds was and remained in the Federal Government until they had passed to the beneficial use of her ward. The bill further alleged that such moneys, when paid to the complainant as such conservatrix, "as aforesaid," constituted a trust fund, and as such, she, in her fiduciary capacity, was without authority to invest same except for the purpose of expending it for the beneficial use of her ward, or investing it for him in accordance with the provisions of the statutes of Illinois. It also charged that

defendant knew, or should have known, that such moneys were funds of the United States Government until expended for the use of her said husband, and knew, or should have known, that she, as such conservatrix, was only an agent or intermediary of the Government, and without authority to invest the same in the stock of defendant.

Issue being joined by answer and replication, the cause was heard before the chancellor in open court, who dismissed the bill for want of equity, and this appeal seeks to reverse such decree of dismissal.

That money paid to a conservatrix in form of a pension or compensation by the Federal Government, is the trust fund of the ward, which the conservatrix receives in her fiduciary capacity, and not as agent for the Government, is established by the decisions in *Spicer v. Smith,* 288 U. S. 430, and *Chamness v. James,* 275 Ill. App. 206; the latter by this court.

Complainant concedes as much, but, to avoid the argument of appellee that the bill charges one ground for relief, namely, that she received the funds as the agent of the United States Government, and the proof establishes another, contends that the bill was filed with a double aspect and upon two theories: first, that the funds belonged to the United States Government until expended for the use of the ward, and second, that the funds so held and expended by the conservatrix were trust property regardless of their source; that defendant was cognizant of their character, and that by its acceptance of them, with such knowledge, it became a constructive trustee of the same.

Complainant then, in her argument, states: ''That this theory is fully and completely set out in the bill is made quite clear by the following language of the bill: 'That such compensation, when paid to your complainant as conservator as aforesaid, constituted a trust fund, and as such trust fund, your complainant,

as such conservator, was without authority to handle or invest the same except for the purpose of expending it for the beneficial use of the said Jesse Allen Hampton, or investing the same for him in accordance with the provisions of Section 18, Chapter 86, of the Revised Statutes of the State of Illinois.' '' Also, that the investment made was in contravention of such statute, and that defendant refused to return the money after demand had been made therefor, although the latter knew such funds were paid out of compensation received from the United States Government for the use and benefit of her ward.

All salient features of the bill which bear upon the right óf action are above quoted. It is evident that complainant relies, in support of the second theory, upon the averment, ''That such compensation, when paid to your complainant as conservator as aforesaid, constituted a trust fund.'' It seems manifest that the quoted words, ''when paid to your complainant as conservator as aforesaid,'' refer, as indicated by the words ''as aforesaid,'' to that which was already charged; in other words, to the allegation in the next preceding paragraph thereto, that she accepted such moneys as the agent of the United States Government, and that the title to the fund remained in the Government until expended for the use of her ward, and were not intended to charge, nor was their effect to allege, another or different cause of action. Upon a consideration of the bill, as an entirety, we are of opinion that it averred but a single ground for action, namely, that the title to the funds was in the United States Government when received by complainant, and that she was acting solely as its agent in that behalf.

In equity pleading it is elementary that the allegations of the bill must be supported by the proof, otherwise the court cannot decree the relief prayed for in the complaint, and it is quite immaterial that the evi-

dence establishes a ground for relief, not charged in the bill, unless the complainant, by leave of court, amends the bill to present the case disclosed by the proof. *Lang v. Metzger,* 206 Ill. 475; *Beaver Drainage Dist. v. Cleveland, C., C. & St. L. Ry. Co.,* 347 Ill. 122.

In the instant case the bill avers one cause of action and the evidence tends to establish another; hence the chancellor properly dismissed the bill for want of equity.

*Decree affirmed.*