## CICERO STATE BANK v. CROWLEY et al.

### No. 7256.

Circuit Court of Appeals, Seventh Circuit.

Nov. 28, 1940.

Julius F. Smietanka, John T. Conlon, Vincent L. Knaus, and Frank Barry, all of Chicago, Ill., for appellant.

Albert J. Horrell, of Chicago, Ill., for appellees.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

The question presented by this appeal is whether a conservator who deposits funds in a bank which has become insolvent is entitled to priority of payment over the bank's other creditors.

Appellant as successor conservator filed its complaint against the appellee claiming that it was entitled to a preference in payment over the other depositors of the bank.

The amended complaint reduced to its simplest terms alleged that in December, 1919, the Probate Court of Cook County appointed Charles Rusek conservator of John Rusek, a distracted person; that as such conservator Charles Rusek deposited the proceeds of a United States war risk insurance policy with the Peoples National Bank & Trust Company of Chicago; that when making the deposit Charles Rusek informed the bank that the funds so deposited were the proceeds of a war risk insurance policy for injuries sustained by the distracted person while in the service of the United States Army; and that a pass book in the name of Charles Rusek, conservator of John Rusek, was issued. The deposit was made without an order of the Probate Court.

The complaint further alleged that on May 20, 1932, while the said Charles Rusek as such conservator had on deposit with the bank the sum of $5,196.20, the bank was closed and went into receivership; that appellee George D. Crowley is now the receiver of the bank; that Charles Rusek

has been removed as conservator; and that appellant Cicero State 'Bank has been appointed in his stead.

The defendant moved that the complaint be dismissed on the ground that it fails to state a cause of action against him. The District Court sustained the motion, dismissed the complaint and rendered judgment for costs against the plaintiff. To reverse the judgment plaintiff appeals.

It is appellant's contention that the bank, having knowledge of the source and character of the funds deposited by the conservator, became a constructive trustee, obligated to deposit the funds in a special account in its trust department. In support of this contention counsel cite Hampton v. Herrin Loan & Improvement Co., 289 Ill.App. 439, 7 N.E.2d 332 and People, etc. v. First State Bank, 275 Ill.App. 123. These cases are of no help to appellant. In the First State Bank case, supra, the claim for preference was also based on the fact that the money paid to the conservatrix came from the government on a policy of war risk insurance, that fact being known to the cashier of the bank. The court held that the deposit was a general deposit in the savings account, that no special agreement was made, that no special circumstances attended the making of the deposit, on which any trust arose in favor of the appellant, and denied the petition for preference. In the Hampton case, supra, the conservatrix of a World War veteran received from the United States Government moneys for the support of the disabled veteran which she invested in the stock of the Improvement Association. The Association knew that the funds so invested were received by her as conservatrix. She sought a decree that the amount paid for the stock be decreed a debt in her favor, as a trust fund. The trial court dismissed her bill for want of equity. The Appellate Court affirmed.

We think the law is well settled that when money is deposited in a bank, title to such money passes to the bank. The bank becomes the debtor of the depositor to the extent of the deposit, and to that extent the depositor becomes the creditor of the bank. Such deposit then constitutes a part of the assets of the bank and in case of insolvency of the bank, that deposit belongs to the creditors of the bank in proportion to the amount of their respective claims, People v. Farmers State Bank, 338 Ill. 134, 137, 170 N.E. 236, and the relation thereby created is that of debtor and creditor and not of trustee and cestui que trust. People v. Sheridan Trust & Savings Bank, 358 Ill. 290, 298, 193 N. E. 186, and In re Bogena & Williams, 7 Cir., 76 F.2d 950, 952. The fact that a depositor may be described in the pass book which evidences his deposit as a conservator will not alone render the deposit preferred, notwithstanding the funds so deposited are trust funds and are known by the bank to be so. People v. Home State Bank, 338 Ill. 179, 183, 170 N.E. 205.

In Gits v. Foreman, 360 Ill. 461, 196 N.E. 434, 101 A.L.R. 595, the deposit was made in the name of Paulina Gits, a minor, by Valentine Gits, guardian. An ordinary pass book was issued. The deposit was made without an order of the Probate Court. The guardian claimed the bank held the funds as trustee for the benefit of the minor and that he was entitled to preference.

The court in passing upon the contentions made said (360 Ill. at pages 466, 467, 196 N.E. at page 436, 101 A.L.R. 595): "The manner in which the deposit is made or is characterized does not change the character of the deposit. Whether made by a guardian as guardian of the estate of the minor or made in the name of the minor by the guardian is of no consequence in determining whether the deposit is a general or special one. The question between the depositor and the bank is not what relation the depositor or the fund bears to some third party, but rather whether a trust relation has been created between the bank and the depositor in connection with the fund" and the court held that the deposit was not preferred.

The judgment of the District Court is right and is affirmed.

Affirmed.